STATE of Iowa, Appellee,

v.

Murl Edward McMULLIN, Appellant.

No. 86–1875.

Supreme Court of Iowa.

April 13, 1988.

Rehearing Denied May 6, 1988.

Charles L. Harrington, Appellate Defender, John P. Messina, Asst. Appellate Defender, and Patrick R. Grady, Asst. Co. Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Pamela Greenman Dahl, Asst. Atty. Gen., and Denver Dillard, Co. Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN and SNELL, JJ.

SCHULTZ, Justice.

The issue presented is whether a due process violation occurred because the trial court instructed the jury to consider defendant's insanity defense before it considered whether he was guilty of the offense charged. While the jury should not have been instructed in this manner, we hold that defendant was afforded due process of law and affirm the conviction.

Defendant Murl Edward McMullin was charged with first-degree murder in the strangulation death of his girlfriend. Iowa Code § 707.2(1) (1985). After a jury trial he was convicted as charged. The State presented evidence at trial that defendant had admitted to a friend that he had killed the victim and placed her body in a freezer because she was "messing around." Defendant later told police that he killed the victim because she had asked him to do it.

Prior to trial defendant gave notice of an insanity defense. He presented evidence of a history of chronic child abuse, institutionalization, and treatment for mental illness. He presented expert testimony that he suffered from a developmental disability and a type of mental illness called a "conduct disorder." The expert witness testified that defendant's illness impaired his ability to premeditate and deliberate and that he was incapable of forming an intent to kill. The State presented their own expert witnesses who concluded that defendant could premeditate, deliberate and form an intent to kill.

The trial court instructed the jury that it could return a special verdict of guilty, not guilty by reason of insanity, or not guilty. The court carefully defined insanity and instructed the jury on what defendant was required to prove to establish an insanity defense. The court also instructed the jury on the elements of first-degree murder and

lesser and included offenses and placed the proper burden of proof on the State. Defendant's only objection was to the portion of the insanity instruction that told the jury to consider the insanity defense before it considered defendant's guilt or innocence of the crimes charged. Defendant claims this sequence of consideration denied him due process.

I. *Jury Instruction.* Before addressing defendant's due process claim, we will examine the court's instruction to the jury to consider the insanity defense first. The trial court submitted Iowa Uniform Instruction 207. While we normally approve the submission of uniform instructions, we conclude that this particular instruction is faulty.

■ Insanity is an affirmative defense which, if proved, will preclude conviction of a crime. Iowa Code § 701.4. In this case, the court submitted alternate special verdict forms which allowed the jury to find the defendant innocent in one of two different ways: "not guilty by reason of insanity" or "not guilty."

■ While these two verdicts indicate a defendant's innocence, they do not provide the same right of liberty. A verdict of "not guilty" means that "the defendant must be discharged as soon as the judgment is given." Iowa R.Crim.P. 21(7). When the acquittal is on grounds of insanity, however, the court must commit the defendant to a state mental institution and set a date for hearing on the defendant's present mental condition. Iowa R.Crim.P. 21(8)(b). The court may release the defendant only after it finds that the defendant is not mentally ill and no longer dangerous to himself or to others. Iowa R.Crim.P. 21(8)(e).

■ It is obvious that a criminal defendant should be given full freedom if the State has not proven the elements of the crime charged. The uniform instruction given by the court presents a risk that a jury, upon finding that a defendant is insane, may return a verdict of not guilty by reason of insanity without giving proper consideration to whether the defendant is

entitled to a verdict of not guilty by reason of the State's failure to prove its case. To avoid this risk, trial judges should instruct juries to consider an insanity defense only after it has determined whether the State has proven the elements of the crime charged. Because the uniform instruction does not do this, we hold that it is not adequate.

Our conclusion that the uniform instruction is flawed does not require reversal of the conviction. Defendant was found guilty of the crime charged. Thus, the risk that the jury failed to consider a not guilty verdict after finding a defendant insane is not involved in this case. Because defendant was not prejudiced by the instruction as given, we will not reverse the conviction on that basis.

■ II. *Due Process.* We now turn to defendant's contention that his due process rights were violated. The fourteenth amendment to the United States Constitution prohibits a state from depriving any person of their liberty without due process of law. Due process entitles a defendant to certain minimal basic procedural safeguards, including the requirement that the prosecution must prove every element of the crime charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). While due process requires this proof before a person may be convicted of a crime, it is the prerogative of a state's legislative body to define criminal conduct and to create procedures by which the criminal laws will be enforced in the courts, including allocation of the burden of proving defenses. *See Martin v. Ohio*, 480 U.S. ——, ——, 107 S.Ct. 1098, 1101, 94 L.Ed.2d 267, 273 (1987); *Patterson v. New York*, 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281, 286–87 (1977). Thus, a state does not violate due process by requiring that the defendant shoulder the burden of proving insanity as a defense to the crime charged. *Leland v. Oregon*, 343 U.S. 790, 798–99, 72 S.Ct. 1002, 1007–08, 96 L.Ed. 1302, 1309 (1952); *State v. James*, 393 N.W.2d 465, 466–67 (Iowa 1986) (placing burden of establishing insanity defense on accused did not deny defendant due process under either federal or state constitution).

Defendant's argument in this case is that the State was not required to prove the elements of its case because the jury instructions had the effect of shifting the burden of proof to him to prove that he did not have the necessary intent to commit first-degree murder. Defendant does not claim that it was error to require him to prove his insanity defense. Rather, he argues that instructing the jury to consider whether he was insane before considering whether he was guilty created a presumption that he had the necessary intent and relieved the State of the burden of proving that element of first-degree murder.

■ It is true that due process will not allow a state to shift the burden of proving the required element of intent onto a criminal defendant by creating a presumption that such an intent existed at the time of the crime. In *Mullaney v. Wilbur*, 421 U.S. 684, 703–04, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508, 522 (1975), the Supreme Court held that when malice aforethought is an element of homicide, a state may not require a defendant to prove that he acted in the heat of passion in order to reduce the homicide to manslaughter. If, as defendant claims, the jury instructions in this case did shift the burden of proof, the due process clause has been violated. We now address the question of whether there was a shift of the burden of proof.

Initially, we note that our disapproval of this instruction in Division I has no bearing on whether there was a shifting of the burden of proving the elements of the crime from the State to the defendant. Our concern with the instruction was that a defendant could be found not guilty by reason of insanity, when actually entitled to a verdict of not guilty. The fault we find with the instruction does not aid this defendant.

Defendant has taken the correct approach in analyzing the issue at hand. He points to the effect, as he perceives it, that the challenged instruction has on the other instructions given. The Supreme Court

has stated "that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973). The proper analysis "is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 147, 94 S.Ct. at 400, 38 L.Ed.2d at 374.

■ In our consideration of the instructions as a whole, we fail to discern any shifting of the State's required proof. The jury was fully instructed on the elements of first-degree murder and the State's responsibility to prove them. Particularly, the jury was instructed "to determine, from all the evidence, including the defendant's mental condition at the time of the act, if he was able to form, in his mind, premeditation, deliberation and a specific intent to kill." The instruction went on to state that if there was a reasonable doubt from the evidence "including the evidence as to defendant's mental condition at the time of the act" it was to consider the lesser degrees of the offense. In considering whether or not the defendant was guilty of any of the crimes, the instructions repeatedly set out that the State must prove each element by evidence beyond a reasonable doubt. The jury was clearly told that the State had the burden of proving all of the essential elements of the crime beyond a reasonable doubt, including intent.

We cannot agree that directing the jury to first consider the insanity defense shifted the burden of proof. There is no suggestion in these instructions that defendant's failure to establish his insanity defense would automatically satisfy the State's burden of proving that defendant acted willfully, deliberately, or with premeditation. We are satisfied that the instructions as given, when read as a whole, state the applicable law in understandable fashion. Defendant's argument is based on speculation as to what a jury might do.

However, "[a] jury is presumed to have followed its instructions absent evidence to the contrary." *State v. Morrison,* 368 N.W.2d 173, 176 (Iowa 1985).

In summary, we find no merit in defendant's claim that he was deprived of due process by the court's instructions. We affirm defendant's conviction and sentence.

AFFIRMED.