**STATE of Iowa, Plaintiff–Appellee,**

v.

**Leroy Dean McFADDEN,
Defendant–Appellant.**

**No. 88–608.**

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender, and Shari Barron, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Amy M. Anderson, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Defendant, Leroy Dean McFadden, appeals from his conviction, following a jury trial, of willful injury. He contends the trial court erred by refusing to sever his trial from that of a codefendant who, in addition to being charged with willful injury, was also charged with witness tampering. We affirm.

Leroy McFadden and a codefendant, Martin Welborn, were charged with willful injury after an incident where another man was pulled out of his car near the drive-up window of a Hardee's restaurant in Des Moines and hit in the head and legs with a baseball bat. During the joint trial, McFadden raised an intoxication defense. The State also presented evidence Welborn had returned to the restaurant several weeks later and threatened an employee,

who had witnessed the beating, if she said anything about it. The jury found both McFadden and Welborn guilty of willful injury and Welborn guilty also of tampering with a witness.

On appeal McFadden contends the trial court erred by refusing to sever his trial from Welborn's. He argues he was unfairly prejudiced by the "spill-over" effect of the witness tampering evidence, which was admitted only against Welborn.

Defendant claims the trial court abused its discretion when it overruled his motion to sever his trial from his codefendant. Defendant was charged and tried jointly with his codefendant, both were convicted of assault with intent to commit willful injury in violation of Iowa Code section 708.4. In addition, Welborn was solely charged and convicted of witness tampering pursuant to Iowa Code section 720.4. Defendant now claims he was prejudiced because he was tried with Welborn, whose conviction of the additional charge, defendant claims, had a "spill-over" effect on him.

Iowa Rule of Criminal Procedure 6(4) provides the authority for joint trials while vesting the decision on a motion to sever in the discretion of the trial court. The rule states:

a. Multiple defendants. Two or more defendants may be charged in the same indictment information, or complaint if they are alleged to have participated in the same act or the same transaction of occurrence out of which the offense or offenses arose. Such defendants may be charged together in one or more counts together or separately, and all defendants need not be charged in each count.

b. Prosecution and judgment. When an indictment or information jointly charges two or more defendants, those defendants may be tried jointly if in the discretion of the court a joint trial will not result in the prejudice to one or more of the parties. Otherwise defendants shall be tried separately. When jointly tried, defendants shall be judged separately on each count.

We must determine that the defendant has demonstrated a clear abuse of discretion before we will reverse the trial court's denial of severance. *State v. Belieu*, 288 N.W.2d 895, 900 (Iowa 1980). "To establish an abuse of discretion, the defendant must show sufficient prejudice to constitute a denial of a fair trial." *Id.*

Defendant contends codefendant Welborn's additional charge of tampering with the witness "spilled over" into the defendant's willful injury charge and thus he was prejudiced by the joint trial.

■ Iowa courts have determined a "spill-over" effect may occur in two situations. The first is where the trial is so complex and the evidence is so voluminous that the jury is confused and cannot compartmentalize the evidence. *See State v. Brown*, 397 N.W.2d 689, 696–97 (Iowa 1986). The second situation where the evidence admitted by or against one defendant is so prejudicial to a codefendant, the jury is likely to wrongly use it against the codefendant. *See State v. Belieu*, 288 N.W.2d 895 (Iowa 1980).

The defendant outlines a three-step analysis which he asserts should be followed in "spill-over" cases to determine whether the trial court abused its discretion. Under this analysis we must find that: 1) prejudicial evidence was admitted; 2) it is likely that the jury used the evidence in an impermissible manner; and 3) any remedy instruction which was given did not mitigate prejudice. *Id.* at 900.

■ Even accepting this analytical framework, we still do not find the trial court abused its discretion by choosing to overrule defendant's motion to sever.

First, evidence regarding Welborn's witness tampering charge neither involved nor implicated the defendant. The evidence was clear defendant was not present when Welborn and another person threatened the restaurant worker. Defendant's name was not mentioned during the testimony. There is no suggestion in the record the threat was made with the knowledge or consent of defendant. Defendant's earlier participation in a crime with Welborn did

not implicate him in every subsequent event involving Welborn.

In addition, there is little reason to doubt the jury was able to compartmentalize the evidence at trial. Proof of willful injury involved a limited number of events in a short span of time. The same is true of the evidence related to witness tampering. The two crimes were separated in time, manner, and actors, factors obvious to the jurors. Thus, we determine the issues were not so complicated as to be beyond the jury's ability to consider the evidence of the guilt of the defendant independent of the evidence of the guilt of Welborn. Finally, we note the trial court submitted a limiting instruction in its jury instruction number seven. It stated in pertinent part:

> The defendants have been jointly informed against. The law provides that jointly charged defendants may be tried together. You are instructed that you may not consider the joint information or joint trial as any evidence of guilt. The guilt or innocence of each defendant is to be determined solely and separately upon his individual participation in the events, as shown by the evidence, and in accordance with the law given in these instructions. . . .

A jury is presumed to have followed its instructions absent evidence to the contrary. *See generally State v. McMullin*, 421 N.W.2d 517, 520 (Iowa 1988). We determine this instruction was sufficient to protect any prejudicial "spill-over" effect, especially in light of the lack of evidence to the contrary.

We hold the trial court did not abuse its discretion in denying defendant's motion for severance.

AFFIRMED.