**Murl Edward McMULLIN, Appellant,**

**v.**

**Crispus NIX, Warden, ISP, Appellee.**

**No. 89–2630.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1990.

Decided July 18, 1990.

Jon M. Kinnamon, Cedar Rapids, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and TIMBERS,* Senior Circuit Judge.

LAY, Chief Judge.

On November 10, 1986, Murl Edward McMullin was convicted in Iowa state court of the first degree murder of his girlfriend. On appeal, the Iowa Supreme Court affirmed his conviction. *State v. McMullin,* 421 N.W.2d 517 (Iowa 1988). McMullin then filed a petition for habeas corpus in the federal district court on January 19, 1989. The district court[1] denied the petition, and he now appeals to this court.

At trial, McMullin raised defenses of insanity and diminished responsibility. Both sides presented evidence regarding McMullin's mental capacity to possess the requisite intent for the crime. The court instructed the jury to first consider his defense of insanity before considering the evidence relating to his guilt.[2] McMullin asserted that the format of this instruction unconstitutionally relieved the State of its burden to prove premeditation because it required the jury to presume he had committed the crime in order to determine if he was able "to know and understand the nature and quality of the acts charged against him." Instruction No. 15. McMullin argued that if the jury found he did not

---

* The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. The instruction read as follows:

In your deliberations, you should first consider whether the Defendant was insane and not responsible for any of the offenses charged against him in this case.

meet his burden on the insanity defense, then it would necessarily conclude he had the requisite intent for the crime, without the state having to prove that intent. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (unconstitutional to presume existence of element of a crime); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (same).

The Iowa Supreme Court found that the order of the instructions created a risk that a jury could find a defendant not guilty by reason of insanity when the defendant may be entitled to a verdict of not guilty because the state failed to prove beyond a reasonable doubt that the defendant committed the crime charged. *State v. McMullin*, 421 N.W.2d at 518–19. The Iowa Supreme Court directed trial courts to instruct juries to consider the evidence of guilt before considering the evidence relating to the insanity defense. *Id.* at 519. The Iowa Court found, however, that reversal was not warranted in McMullin's case because McMullin "was found guilty of the crime charged. Thus, the risk that the jury failed to consider a not guilty verdict after finding a defendant insane is not involved in this case." *Id.* Further, the Iowa Supreme Court concluded the instructions considered as a whole did not violate McMullin's due process rights. Since the instructions thoroughly directed the jury about the State's burden of proof with respect to each element of the crime, the Iowa court found "[t]here is no suggestion in these instructions that [McMullin's] failure to establish his insanity defense would automatically satisfy the State's burden of proving that defendant acted willfully, deliberately, or with premeditation." *Id.* at 520.

Petitioner urges, however, that the Iowa Supreme Court overlooked constitutional deficiencies created by the inverted order of the instructions. First, he renews his argument that considering the insanity de-

fense first required the jury to presume he had committed the underlying crime—a presumption that would remain in the jurors' minds upon finding him sane. Second, he argues that by first considering his sanity, the jury necessarily gave slight consideration to his diminished responsibility defense. In Iowa the diminished responsibility defense is not an affirmative defense whereby the defendant must assume the burden of proof. The state in proving the requisite intent must negate any evidence of the defendant's diminished responsibility. In the present case, McMullin claims the evidence on diminished responsibility constituted the same evidence he asserted to prove his insanity. Thus, McMullin urges, once the jurors rejected that evidence and found him sane, they would not adequately consider it again on the later question of whether the state had proved the intent requisite for first degree murder.

■ Defendant raises an interesting argument and we have carefully examined it. We must, however, respectfully disagree. Although the order of instructions was awkward, we do not find any constitutional violation. The idea that the jury completely put aside the evidence on diminished responsibility because of the rejection of the insanity defense is purely speculative and theoretical. The instructions here told the jury to consider all the evidence in deciding whether the defendant possessed the necessary culpability to have committed first degree murder, and we must presume the jury followed the instructions. It is quite possible for the jury to have thoroughly considered the evidence and found it neither proved insanity nor suggested lack of intent due to diminished capacity.[3]

■ We also find no illegal presumption here, such as in *Mullaney*. As Justice Rehnquist stated in *Mullaney*, the evidence relevant to insanity may be relevant to a defendant's capacity to form the requisite

---

**3.** We also note that in the abstract it is possible for a jury to conclude the evidence of mental capacity is not strong enough to find a defendant insane, but might yet be strong enough to suggest diminished responsibility that negates

specific intent. This additional theoretical possibility supports our conclusion that the instructions in this case did not rise to the level of constitutional prejudice.

intent but "the existence or nonexistence of legal insanity bears no *necessary* relationship to the existence or nonexistence of the required mental elements of the crime." 421 U.S. at 706, 95 S.Ct. at 1893 (Rehnquist, J., concurring) (emphasis added). Just as in the normal order of instructions there is no logical conflict for a jury to find, first, that a defendant committed premeditated murder, but second, that he did not have the mental capacity to appreciate the nature of his acts, here there would be no logical conflict for a jury to find that the defendant had the mental capacity to appreciate the nature of his acts, but that he did not in fact commit premeditated murder. Thus, inverting the order of the instructions did not necessarily require the jury to find McMullin guilty of the underlying crime once they rejected his insanity defense. We therefore find no constitutional violation.

We conclude that under the court's instructions the state was not relieved of its burden to prove every element of the crime beyond a reasonable doubt.

We affirm.