# IN THE COURT OF APPEALS OF IOWA

No. 21-0889
Filed September 21, 2022

**MURL EDWARD McMULLIN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

An applicant appeals the denial of a postconviction-relief application. **AFFIRMED.**

Thomas Hurd of the Law Office of Thomas Hurd, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Murl McMullin was charged and convicted of first-degree murder in the strangulation death of his girlfriend. At trial, the jury was presented with evidence that McMullin had admitted to a friend that he killed his girlfriend and placed her body in a freezer because she was "messing around." McMullin's conviction was affirmed on direct appeal on April 13, 1988. *See State v. McMullin*, 421 N.W.2d 517, 520 (Iowa 1988).

More than twenty-five years later, McMullin filed this postconviction-relief (PCR) application, his first, in which he alleged his trial counsel was ineffective for failing to request an independent expert opinion on his competency to stand trial. The district court denied his petition in its entirety, finding (1) McMullin's application was time-barred by Iowa Code section 822.3 (2014) because he filed it more than three years after his conviction was final, (2) McMullin failed to show his application was based on newly discovered evidence, and (3) trial counsel was not ineffective. McMullin appeals, challenging the district court's determinations on the issues of the statute of limitations and newly discovered evidence. However, he does not challenge the district court's determination on the merits of his appeal—that is, that counsel was not ineffective. Such omission constitutes waiver of the issue. *See* Iowa R. App. P. 6.903(2)(g)(3).

> Generally, we review decisions regarding applications for postconviction relief for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). This standard applies when we review a statute-of-limitations defense to postconviction actions. *Harrington v. State*, 659 N.W.2d 509, 519-20 (Iowa 2003). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma*, 626 N.W.2d at 141.

*Debates v. State*, No. 15-1491, 2016 WL 7403715, at *1 (Iowa Ct. App. Dec. 21, 2016).

We address McMullin's first argument concerning the statute of limitations. McMullin argues that the absence of the procedendo date in the file prohibits a statute-of-limitations defense.[1] First, as noted by the State, McMullin did not make this argument to the district court. As such, the claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002). However, even if we were to consider this argument, absent any evidence to the contrary, the district court is entitled to presume that procedendo issued in 1988. *See State v. Proulx*, 252 N.W.2d 426, 431 (Iowa 1977) (holding that since nothing in the record established otherwise, government officials were presumed to have complied with the requirements of the code); Iowa Code § 814.24 (requiring procedendo to be issued after an appellate decision is filed with the clerk).

We turn to McMullin's argument that newly discovered evidence establishes that McMullin was not competent to stand trial in 1986. McMullin relies on the part of Iowa Code section 822.3 that provides the three-year statute of limitations "does not apply to a ground of fact or law that could not have been raised within the applicable time period." McMullin focuses on his mental health as the newly discovered evidence. McMullin's PCR counsel argued that new evidence existed because McMullin is

> now able to understand just how bad of a psychological situation he
> was in back in 1986, but was not able to communicate that back then.

---

[1] Presumably, all or part of the underlying criminal file was destroyed as a result of a flood. "In 2008, the Cedar River overflowed its banks and inundated the City of Cedar Rapids." *Salem United Methodist Church v. Church Mut. Ins. Co.*, No. 13-2086, 2015 WL 1546431, at *1 (Iowa Ct. App. Apr. 8, 2015).

> So the new evidence, as I say, would–his new state of mind based on his treatment, his ongoing medication, sort of resulted in a revelation that now he understands better his situation than in 1986.

We reject this argument. McMullin was found competent to stand trial more than twenty-five years ago. *McMullin*, 421 N.W.2d at 518. And his mental-health issues were known at least by the time McMullin filed a habeas corpus action in federal court in 1989. *McMullin v. Nix*, 909 F.2d 314, 314 (8th Cir. 1990). And in this PCR action, McMullin did not testify as to the date he asserts he learned of any newly discovered evidence. McMullin failed to meet his burden that the existence of new evidence entitled him to relief.

We affirm the district court's denial of McMullin's PCR application.

**AFFIRMED.**