_____

No. 96-1157
_____

Leroy S. Seiler,                          *
                                          *
          Appellee,                       *
                                          *  Appeal from the United States
     v.                                   *  District Court for the
                                          *  Northern District of Iowa
John A. Thalacker,                        *
                                          *
          Appellant.                      *
_____

                    Submitted:  September 11, 1996

                      Filed:  November 26, 1996
_____

Before BEAM, HEANEY, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Leroy Seiler was convicted of first degree murder and sentenced to
life imprisonment.  After the Iowa Supreme Court affirmed his conviction,
Seiler filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254,
arguing an error in the jury instructions violated his due process and
Sixth Amendment rights.[1]  The district court conditionally issued the writ,
and the State of Iowa appeals.  We reverse.


                                    I.


     The evidence at trial showed that Seiler had hidden in a tavern to
steal the cash on hand after closing.  The tavern owner

_____

     [1]Seiler also alleged his right to equal protection was
violated by the jury instruction.  The district court rejected
this argument, and Seiler has abandoned it on appeal.

                                    1

had discovered him, and in the struggle that followed, Seiler grabbed a meat cleaver and struck him. The victim died of numerous head injuries, including two massive skull-penetrating blows from the cleaver. He had bled profusely and suffered many other injuries, including a severed thumb and multiple cuts. Blood samples matching those from Seiler and the victim were found in a public shower at a hotel across the street from the tavern. Seiler's bloody clothes and the money from the tavern were found in the apartment where Seiler stayed the night of the murder. Seiler had also been seen near the tavern at closing time on the night of the killing.

At the close of evidence, the jury was instructed on three alternative theories of first degree murder: felony murder while participating in willful injury, felony murder while participating in first degree burglary, and premeditated and deliberate murder. The jury returned a general verdict of guilty of first degree murder.

On direct appeal, Seiler contested the accuracy under state law of the jury instruction for felony murder while committing a first degree burglary.[2] The Iowa Supreme Court held that the instruction was incorrect under Iowa law because it omitted the physical injury element of first degree burglary. State v. Seiler, 342 N.W.2d 264, 268 (Iowa 1983) (en banc). Nonetheless, it affirmed the conviction after holding the erroneous instruction was not prejudicial because the jury could not have failed to find the intentional infliction of physical injury that would trigger a first degree burglary. Id. The dissent objected that the court's holding in effect directed a verdict for the state on an issue it was obligated to prove beyond a reasonable doubt and that the

---

[2]Seiler also contested the constitutionality of the search warrant under which the clothes and money were found. The Iowa Supreme Court rejected this argument. State v. Seiler, 342 N.W.2d 264, 267 (Iowa 1983) (en banc).

evidence was insufficient to overcome the presumption of prejudice. <u>Id.</u> at 269.

Seiler then filed an application for postconviction relief. He asserted ineffective assistance of counsel at trial and on appeal resulting from the failure of trial and appellate counsel to object adequately to the jury instructions. The application was denied, and the Iowa Supreme Court denied further review.

Seiler next filed a petition for habeas corpus, arguing that the omission of an element, in the instruction for felony murder while committing a first degree burglary, violated his due process and Sixth Amendment rights. Seiler asserted that Iowa law required the state to prove he committed a first degree burglary before the felony murder rule could apply. Iowa Code § 702.11. First degree burglary required proof beyond a reasonable doubt that while committing a burglary, Seiler possessed a "dangerous weapon, or intentionally or recklessly inflict[ed] physical injury on any person." Iowa Code § 713.3.

The instruction to the jury at trial stated:

> In considering First Degree Murder under the Felony-Murder Doctrine, you are instructed that the law provides that when a person commits a burglary when [sic] the burglary is performed by force or against the will of the other.
>
> You are further instructed that burglary is a forcible felony.

Seiler contended that this instruction relieved the state of proving all elements of the crime beyond a reasonable doubt and took an element of the crime away from the jury.

The district court found that the error in the jury instruction violated Seiler's rights to due process and to a fair

3

trial, and that these violations were not harmless.  The district court conditionally issued the writ of habeas corpus, ordering the state to either commence proceedings to retry Seiler within sixty days or release him from custody.

The state appeals, arguing that Seiler procedurally defaulted his constitutional claims because in his direct appeal he only raised state law issues concerning the burglary instruction.  The state concedes that the jury instruction was incorrect, but asserts that in the context of other jury instructions the error did not violate Seiler's constitutional rights. The state argues also that any constitutional violation was harmless in light of the overwhelming evidence concerning the intentional infliction of physical injury.

II.

Before a district court may consider a habeas corpus petition, the petitioner must exhaust state remedies.  28 U.S.C. § 2254(b).  To satisfy the exhaustion requirement, the petitioner must "fairly present" the federal claims to the state courts to give the state the opportunity to correct any alleged violations of its prisoners' federal rights.  Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (per curiam).  Presenting a similar state claim to the federal right is insufficient to exhaust state remedies. Id.  Instead, the applicant must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts."  Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988) (citing Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir. 1980)).

The state argues Seiler procedurally defaulted the due process and Sixth Amendment claims because those claims are not equivalent to his claim regarding the adequacy of the burglary instruction

4

under Iowa law that he raised in his direct appeal. Seiler contends that he effectively raised the constitutional claims by citing a constitutional case and stating he was denied a fair trial. He contends the dissent shows the Iowa Supreme Court was aware of the constitutional questions.

Seiler argued in his direct appeal that the jury was improperly instructed on the necessary elements under Iowa law for conviction of felony murder while committing a first degree burglary. Seiler contended the error in the burglary instruction could have caused the jury to find him guilty of the lesser included offense of second degree burglary but still convict him of felony murder, even though under Iowa law a second degree burglary cannot be the underlying crime for a felony murder. Iowa Code § 702.11. He concluded that improperly instructing the jurors on the elements they had to find beyond a reasonable doubt deprived him of a fair trial.

In his state court appeal, Seiler cited Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). In Jackson, the Supreme Court held the Fourteenth Amendment required a federal court to examine whether the record evidence could reasonably support guilt when reviewing the sufficiency of the evidence in a habeas petition. Id. at 318. The Court did not address any issues regarding the constitutionality of jury instructions. Seiler did refer to a part of the opinion, however, which contained a general statement about the necessity of proper instructions on reasonable doubt for all elements of a crime. Id. at 318-19.

It is doubtful that Seiler sufficiently raised the constitutional issue on his direct appeal by citing to Jackson. Jackson did not turn on issues related to jury instructions although it contained a reference to instructing the jury on reasonable doubt. Neither the majority opinion nor the dissent in Seiler's direct appeal mentioned Jackson. The majority opinion

5

focused on the validity of the burglary instruction under Iowa law and never addressed taking an element of the crime away from the jury or any constitutional issue.  Seiler, 342 N.W.2d at 268.  The dissent, on which Seiler now relies, also did not refer to any constitutional claim, but it stated that the court's decision "is the equivalent of a directed verdict for the State on an issue the State was obliged to prove beyond a reasonable doubt."  Id. at 269.

Even though Seiler's argument on the adequacy of the jury instructions under Iowa law and his statement that the error in the instructions deprived him of a fair trial had some similarity to the constitutional issues he now asserts, mere similarity is insufficient to exhaust state remedies.  Duncan, 115 S. Ct. at 888.  Whether a jury instruction is correct under state law is not the same issue as whether a jury instruction violated the due process clause.  Anderson v. Harless, 459 U.S. 4, 7 (1982) (per curiam).  It is thus questionable whether Seiler sufficiently presented the constitutional issue on his direct appeal, but we need not resolve this issue because we find that any error was harmless.

III.

In his petition for habeas corpus, Seiler argued the error in the first degree burglary instruction violated his due process rights because the state did not have to prove all elements of the crime beyond a reasonable doubt and his Sixth Amendment rights because it took an element of the crime away from the jury.  The state concedes the jury instruction was incorrect, but argues there was no constitutional violation under Boyde v. California, 494 U.S. 370, 380 (1990), because there is not a reasonable likelihood the jurors convicted Seiler without finding he had a weapon or assaulted the victim.

The state argues that analyzing the incorrect burglary instruction in the context of the entire jury charge shows there

6

was no constitutional error.  To convict Seiler of first degree burglary, Iowa law required that while committing a burglary, Seiler possessed "a dangerous weapon, or intentionally or recklessly inflict[ed] physical injury on any person."  Iowa Code § 713.3.  The trial court instructed the jury that first degree burglary required a burglary performed by "force or against the will of the other."  The state argues this sufficiently informed the jury that personal violence during the burglary was required to convict Seiler of felony murder while committing a first degree burglary.  Other instructions told the jury that Seiler could only be convicted of first degree murder if the state proved beyond a reasonable doubt that Seiler struck the victim and that the victim died as a result. The state argues that since the jury found that Seiler committed both a burglary and a murder, a jury with commonsense understanding of all the instructions would not have failed to find that Seiler committed an assault during the burglary.  Because of this, the jury could not have convicted Seiler without finding all the elements of first degree burglary.

Even if the error in the first degree burglary instruction rose to the level of a constitutional violation, it cannot be the basis for habeas relief if it is harmless.  On Seiler's direct appeal, the Iowa Supreme Court examined whether the error in the jury instructions was prejudicial. When a state court has not reviewed on direct appeal whether a constitutional error was harmless, this court examines the error to determine whether it "was harmless beyond a reasonable doubt."  Orndorff v. Lockhart, 998 F.2d 1426, 1430 (8th Cir. 1993).  The record is reviewed de novo, and the issue is "whether there is a reasonable possibility" the error contributed to the conviction.  Williams v. Clarke, 40 F.3d 1529, 1541 (8th Cir. 1994).  The state has a heavy burden in proving that an error is harmless beyond a reasonable doubt.  Id.  The test is not whether the evidence was sufficient to support a conviction.  Id.  Rather, an error is harmless only if "what was actually and properly considered in the decision-making process was

'so overwhelming' that the decision would have been the same even absent the invalid factor."  Id. (citing Yates v. Evatt, 500 U.S. 391, 404-05 (1991));  Estelle v. McGuire, 502 U.S. 67, 72 (1991) (faulty jury instruction must be examined in context of the instructions as a whole and the trial record); Rose v. Clark, 478 U.S. 570, 583 (1986) (entire record should be reviewed to determine whether error in jury instruction was harmless); United States v. Hasting, 461 U.S. 499, 509 n.7 (1983) ("Chapman mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless . . .").

The jury considered three alternative theories of first degree murder and returned a general verdict of guilty.  Seiler does not complain about the instructions for premeditated murder or felony murder while participating in a willful injury.  The harmless error issue is therefore whether the incorrect instruction on felony murder while committing a first degree burglary contributed to Seiler's conviction.  Id.

Seiler contends that the error was not harmless because it prevented the jury from considering the lesser included offense of second degree murder, but his argument fails to consider the totality of the jury instructions and the overwhelming evidence that the victim was intentionally struck during the burglary.  The jury was instructed it could find first degree burglary if Seiler killed the victim while participating in a burglary by "force or against the will of the other."  Jury instruction 16, which applied to all first degree murder theories, informed the jurors that to find Seiler guilty of first degree murder they must find beyond a reasonable doubt that Seiler intentionally struck the victim, causing his death.  Since the jury returned a general verdict of guilty, it must have found that Seiler's intentional act caused the victim's death. Moreover, even though the challenged instruction did not specifically spell out the requirement of physical injury

8

for first degree burglary, the evidence overwhelmingly showed that the victim suffered physical injuries during the burglary. He had been beaten with a poolstick and repeatedly struck with a meat cleaver, he had many cuts and a severed thumb, and he had died from massive skull-penetrating head injuries. The evidence concerning the intentional infliction of physical injury during the burglary was so overwhelming that given the whole context of the instructions and the evidence, any error of a constitutional nature in the challenged instructions was harmless beyond a reasonable doubt.

Accordingly, we reverse the conditional grant of a writ of habeas corpus and remand so that the judgment can be vacated.

HEANEY, Circuit Judge, dissenting.

I would affirm the district court on the basis of its thorough and well-reasoned opinion. I agree with each of the district court's conclusions, namely (1) Seiler exhausted his state court remedies with respect to the claim in his habeas corpus petition, (2) the faulty jury instruction on first-degree felony murder rose to the level of a constitutional violation, (3) the error is subject to harmless-error analysis, and (4) the error was not harmless. Therefore, I respectfully dissent.

The trial court instructed the jury as follows:

Instruction No. 17

The law provides that a person commits Murder in the Second Degree when he kills another with either express or implied malice aforethought.

However, it is Murder in the First Degree, if, in addition, he:

Willfully, deliberately, and with premeditation kills another person.

There are several circumstances, however, where murder becomes Murder in the First Degree.

One circumstance is the so-called "Felony - Murder Doctrine." That is where one kills another person with malice aforethought while participating in a forcible felony. Other instructions further explain this type of First Degree Murder.

* * *

Instruction No. 28

In considering First Degree Murder under the Felony - Murder Doctrine, you are instructed that the law provides that when [sic] a person commits a burglary when the burglary is performed by force or against the will of the other.

You are further instructed that burglary is a forcible felony.

(J.A. at 66 and 77.)

The jury was given a general verdict form and returned a verdict of guilty of first-degree murder. Neither the trial court nor this court can determine whether the jury found Seiler guilty of premeditated first-degree murder or first-degree felony murder.

The state concedes that instruction 28 was improper. There is also no doubt that Seiler fairly presented his federal claim to the state court and that he gave the state a full opportunity to address the constitutional violation that the jury was improperly instructed as to the essential elements to be found beyond a reasonable doubt for his conviction. Seiler cited <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979) as authority for his claim. Moreover, in <u>State v. Seiler</u>, 342 N.W.2d 264 (Iowa 1983), the dissenting justice wrote:

> The trial court's instructions authorized the jury to find the defendant guilty of first-degree murder based on finding defendant committed murder in the perpetration of

10

a burglary.  The court did not define burglary or tell the jury only first-degree burglary would enhance the offense to first-degree murder, despite a timely defense objection pointing out the error.

> This court's holding is the equivalent of a directed verdict for the State on an issue the State was obliged to prove beyond a reasonable doubt.

Id. at 268-69 (McCormick, J., dissenting) (emphasis added).  Thus, there can be no doubt that instruction 28 was in error and that the error was presented to the state court.

Moreover, the error was a constitutional one.  The Due Process Clause protects an accused against a criminal conviction unless the state proves beyond a reasonable doubt every fact necessary for the crime with which the accused is charged.  In re Winship, 397 U.S. 358, 364 (1970); see also Sullivan v. Louisiana, 508 U.S. 275, 277 (1993); Sandstrom v. Montana, 442 U.S. 510, 520 (1979); Mullaney v. Wilbur, 421 U.S. 684, 704 (1974).  In addition, the most important element of a defendant's Sixth Amendment right to a jury trial is the right to have a jury, not a judge, reach the requisite findings of guilt.  Sullivan, 508 U.S. at 277.  Thus, "although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the state, no matter how overwhelming the evidence."  Id.  In this case, the trial court neither defined first-degree burglary nor told the jury that only first-degree burglary could enhance the offense to first-degree murder.  The court also instructed the jury that burglary is a forcible felony, thereby impermissibly substituting its own judgment for that of the jury.  I agree with the district court that this amounted to a directed verdict for the state on an element of first-degree burglary, which was a predicate for a first-degree felony murder conviction.  The instruction violated Seiler's due process rights and his right to a fair jury trial.

11

I agree with both the district court and the majority that the effect of the faulty instruction on the jury's verdict is subject to harmless error analysis. The appropriate inquiry for this court is set forth in Chapman v. California, 386 U.S. 18 (1967): whether the state has proved that the error was harmless beyond a reasonable doubt. The majority finds that the error was harmless in light of "the totality of the jury instructions and the overwhelming evidence that the victim was intentionally struck during the burglary." Maj. Op., supra at 8. To the extent that the majority relies on the evidence of Seiler's guilt and its own strong belief that a properly-instructed jury would have convicted Seiler, it commits grave error. The Supreme Court has spoken directly on this issue. The question facing this court in a harmless error analysis,

> is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendered-- no matter how inescapable the findings to support the verdict might be--would violate the jury-trial guarantee.

Sullivan, 508 U.S. at 279 (emphasis added). Had the jury explicitly based its verdict on premeditated murder, there certainly would be sufficient evidence to support the jury's verdict. However, as the record stands, neither the state court nor the majority nor I know whether the jury believed that Seiler was guilty of premeditated murder or felony murder. It would have been a simple matter to have prepared a verdict form that would have permitted the jury to make a separate finding on each instruction. Failing that, I cannot conclude beyond a reasonable doubt that this jury did not base its verdict on the erroneous felony-murder instructions.

The majority accepts the argument that the error was harmless

12

in light of the totality of the jury instructions.  I disagree.  The only possible basis for this argument is that the missing elements of first-degree burglary are supplied when instructions 17 and 28 are read together.  The fact remains, however, that instruction 28 permitted the jury to find Seiler guilty of murder in the first degree when he committed a burglary that was performed by force or against the will of another.  We cannot read the jurors' minds to supply the missing elements of that instruction.

Thus, I would not hesitate to affirm the district court and would remand the matter to the district court with directions to remand it to the state court for a new trial with a properly-instructed jury.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

13