_____

No. 96-1272
_____

Lawrence Christopher Redding,    *
                                 *
          Appellant,             *
                                 *   Appeal from the United States
     v.                          *   District Court for the
                                 *   District of Minnesota.
United States of America,        *
                                 *        [PUBLISHED]
          Appellee.              *
_____

          Submitted:  January 29, 1997

             Filed:  February 3, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     A jury convicted Lawrence Christopher Redding on three counts of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g) (1994).  After concluding that Redding was an "armed career criminal," see 18 U.S.C. § 924(e)(1) (1994), the District Court[1] sentenced him to concurrent 327-month terms of imprisonment.  On direct appeal, we affirmed.  United States v. Redding, 16 F.3d 298 (8th Cir. 1994).


     Redding then filed this motion to vacate his convictions under 28 U.S.C. § 2255 (1994).  The District Court denied Redding relief without an evidentiary hearing, and he appeals.  Having thoroughly reviewed the record and the parties' briefs, we conclude that the court properly denied Redding relief.  The majority of Redding's claims--including those he contends the District Court failed to address--are without merit and require no further discussion.

_____

     [1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

As to Redding's arguments that the District Court erred by refusing his offer to stipulate that he was a convicted felon and that his counsel should have raised this issue on appeal, we note the Supreme Court recently held that a district court abuses its discretion when it spurns a defendant's offer to stipulate the prior-conviction element of a § 922(g)(1) offense and instead admits the full record of a prior judgment if evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations. See Old Chief v. United States, 95-6556, 1997 WL 3230, at *2 (U.S. Jan. 7, 1997). Nevertheless, we conclude that Redding is not entitled to relief because any error in refusing to accept Redding's stipulation was harmless given the overwhelming evidence of guilt and the District Court's jury instruction not to consider the prior convictions as evidence of a general tendency to commit crimes. See United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (reversal required only when improper evidentiary ruling affects substantial rights of defendant or has had more than slight influence on verdict), cert. denied, 115 S. Ct. 1813 (1995); cf. Old Chief, 1997 WL 3230, at *11 & n.11 (remanding for further proceedings and stating that Court implied no opinion on possibility of harmless error, which was not passed upon by court of appeals). Moreover, Redding's counsel could not be considered ineffective for failing to raise this issue on appeal. See Driscoll v. Delo, 71 F.3d 701, 713 (8th Cir. 1995) (counsel not required "to be clairvoyant of future Supreme Court decisions in order to provide effective assistance"), cert. denied, 117 S. Ct. 273 (1996).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.