No. 96-2933

UNITED STATES OF AMERICA,    *
                                          *
        Appellee,            *
                                          *
     v.                    *      Appeal from the United States
                                      *   District Court for the Eastern
KEITH H. BLAKE,          *    District of Missouri
                                    *
        Appellant.        *
                                          *
                                          *

Submitted: January 13, 1997

Filed: February 26, 1997

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and ALSOP,* District Judge.

ALSOP, District Judge.

## I.    BACKGROUND

Keith H. Blake ("Blake") was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possessing methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After a two-day jury trial he was found guilty on both counts. Blake appeals his conviction, offering four arguments in support of reversal. First, Blake argues that the district court abused its discretion when it permitted the Government to introduce evidence of Blake's prior felony convictions to prove his felony status for purposes of 18 U.S.C. § 922(g)(1) after Blake had offered to stipulate to his status as a felon. Second, Blake argues that the district court abused its

---

*The HONORABLE DONALD D. ALSOP, United States District Judge for the District of Minnesota, sitting by designation.

discretion by allowing a detective to testify about an informant's out-of-court statement identifying Blake as someone who was selling methamphetamine. Third, Blake argues that the district court abused its discretion when it permitted a narcotics officer to provide expert witness testimony about the significance of the firearm and the amount of drugs seized when Blake was apprehended. Fourth, Blake argues that a statement made by the prosecutor in closing argument amounted to prosecutorial misconduct.

## II.    ADMISSION OF FELONY CONVICTIONS

Blake argues that the district court abused its discretion when it permitted the Government to introduce evidence of his four prior felonies after Blake had agreed to stipulate to his status as a felon for purposes of establishing the § 922(g) violation. At trial the Government offered certified copies of felony convictions for burglary, stealing, driving while intoxicated, and stealing a motor vehicle, as well as fingerprints linking Blake to the four felony convictions. Blake argues that under Fed. R. Evid. 403 the evidence of his felony convictions should have been excluded because the probative value given his offer to stipulate to his status as a felon was substantially outweighed by the danger of unfair prejudice on the controlled substance charge. The district court, consistent with prior Eighth Circuit precedent, ruled that the Government was not required to accept Blake's stipulation and could introduce evidence of the convictions but not evidence of the facts underlying the convictions.

Shortly before oral argument on Blake's appeal, the Supreme Court issued a decision in Old Chief  v. United States, 117 S. Ct. 644 (1997) which reverses well-established Eighth Circuit law[1] and

---

[1] See, e.g., United States v. Diggs, 82 F.3d 195, 197 (8th Cir. 1996) cert. denied, 65 USLW 3309 (U.S. Oct. 21, 1996); United States v. Franik, 7 F.3d 811, 813 (8th Cir. 1993).

lends substantial support to Blake's argument that it is an abuse of discretion to admit the record of conviction when an admission is available. In Old Chief a majority of the Supreme Court agreed that § 922(g)(1) and its prior conviction element present a problem in that "the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." Id. at 652. The majority observed that while the risk of prejudice posed by the evidence of prior convictions may vary from case to case, the risk "will be substantial whenever the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning." Id.

In the instant case the Court finds that the record of Blake's prior convictions was enough to lure jurors into "a sequence of bad character reasoning" on the companion charge of possession with intent to distribute. The record of convictions showed Blake had four prior felonies, and although no conviction was for distribution of a controlled substance the number and nature of his prior felonies, especially given that the Government did not offer abundant evidence to show intent to distribute, was sufficient to create a substantial risk of unfair prejudice. According to Old Chief when there is a substantial risk of unfair prejudice and there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record, under Rule 403 the risk of unfair prejudice outweighs the probative value of the official record, and it is an abuse of discretion to submit the record when an admission is available. Id. at 655. The Court finds that the evidentiary value of the official record offered to show Blake's prior felony convictions was not cognizably different than that of an admission, and according to Old Chief as Blake had offered to stipulate to his status as a felon, admitting the record of conviction into evidence was an abuse of discretion.

In determining whether evidentiary rule violations require reversal the Court applies the Fed. R. Crim. P. 52(a) harmless error analysis. See United States v. DeAngelo, 13 F.3d 1228, 1233 (8th Cir. 1994). In Old Chief the Supreme Court expressed no opinion on whether failing to exclude a record of conviction is harmless error. Under Rule 52(a) "[o]nly if the jury may have been 'substantially swayed' by improperly admitted evidence must we reverse the conviction."Id. (citing United States v. Davis, 936 F.2d 352, 355 (8th Cir. 1991)). Before making a determination on whether the admission was harmless error, the Court will examine Blake's second argument for reversal.

## III. ADMISSION OF INFORMANT'S OUT-OF-COURT STATEMENT

Blake argues that the court abused its discretion when it admitted an out of court statement from an unidentified confidential informant which purported to identify Blake as a methamphetamine dealer. The government offered the confidential informant's statement through a deputy who spoke with the informant prior to obtaining a search warrant for Blake's residence. The government maintains that it offered the testimony to show the basis for commencing a police investigation, not as evidence of Blake's guilt, and that according to United States v. King, 36 F.3d 728, 732 (8th Cir. 1994) such an out-of-court statement is not considered hearsay. The jury was instructed on two different occasions to consider the statement only as background information explaining the issuance of the search warrant and not for its truth or as evidence of Blake's guilt.

Although an out-of-court statement may be admissible for the limited purpose of explaining to the jury why a police investigation was undertaken, the Court finds nothing in the record to show that the propriety of the investigation was in issue or that the evidence was relevant to an issue at trial. Where the

only possible relevance of the out-of-court statement is to show the defendant committed the act he has been charged with, the statement is not properly admissible for a non-hearsay purpose. See United States v. Azure, 845 F.2d 1503, 1507 (8th Cir. 1988).

## IV.   CONCLUSION

Having found that evidence pertaining to Blake's prior felony conviction and the informant's out-of-court statement were improperly admitted, and considering the other evidence offered at trial to show that Blake possessed methamphetamine with an intent to distribute, the Court cannot conclude that the jury may not have been substantially swayed by the improperly admitted evidence, and therefore the errors are not harmless and reversal is required. The Court need not address Blake's remaining arguments for reversal, however on retrial the Court is confident that with respect to the admission of expert testimony from the narcotics officer, Corporal Wakefield, the district court will admit relevant opinion testimony only to the extent it is within the expert's specialized knowledge and consistent with our prior decisions. See United States v. Boykin, 986 F.2d 270, 275 (8th Cir. 1993).

For the reasons stated herein, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5