**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1812
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States District |
| v. | * | Court for the Eastern District of Missouri. |
| | * | |
| LeRoy Harris, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 8, 1997
Filed: December 10, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

LeRoy Harris challenges his conviction for being a felon in possession of a firearm, arguing that the jury should not have been informed of the number and nature of his multiple prior felonies because he offered to stipulate to his felon status. Because we find that any error was harmless, we affirm.

## I.    BACKGROUND

While executing a valid search warrant for a Cape Girardeau, Missouri, residence, police seized a Revelation twelve-gauge shotgun. LeRoy Harris, whom

police believed resided at the house, was charged with being a felon in possession of a firearm.  See 18 U.S.C. §§ 922(g)(1) and 924(e).  The indictment listed six predicate felonies: carnal knowledge of a female under sixteen, attempt to burn property, rape, forgery, and two convictions for breaking and entering.  Harris entered a plea of not guilty and was tried by a jury.  Before trial, Harris offered to stipulate to his felon status, and moved in limine to exclude reference to the name and nature of his convictions, or, in the alternative, to limit the government to proving only the forgery conviction.  The district court[1] ruled that evidence of the sex crimes would be unduly prejudicial, but denied Harris's motion as to the other convictions.  In its case in chief, the government offered certified copies of the sentence and judgment forms for four of Harris's prior felonies.  The government also presented the testimony of three police officers stating that Harris had told them that the gun was his; a witness who reported that she had observed her husband trade the gun to Harris in exchange for drugs; and evidence that Harris had listed this address as his residence on his driver's license, hunting license, and automobile registration.   In defense, Harris testified that he did not actually reside in the house, but simply stayed there several nights per week and that, in any event, the gun was not his.  The jury convicted Harris, who appeals.

## II.    DISCUSSION

Harris argues that the court's refusal to accept his offer to stipulate violates the Supreme Court's directive in Old Chief v. United States, 117 S. Ct. 644 (1997).[2]  In Old Chief, the Court held that when a defendant makes an offer to stipulate which is specific enough to establish felon status for purposes of 922(g), and when "the prior conviction is for an offense likely to support conviction on some improper ground,  . . .

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]Old Chief had been argued at the time of Harris's trial, and was decided after his conviction, but before his sentencing.

the risk of unfair prejudice . . . substantially outweigh[s] the discounted probative value of the record of conviction." Id. at 655.

Although the parties argue about whether Harris's offer to stipulate was sufficient to trigger Old Chief, we do not need to reach that issue. To be eligible for relief under Old Chief, a defendant must establish that the asserted error was not harmless.[3] United States v. Blake, 107 F.3d 651, 653 (8th Cir. 1997). See also, Old Chief, 117 S. Ct. at 656 n.11 (expressing no opinion on whether failure to exclude record of conviction was harmless). Harris has not made this showing. When evidence of a defendant's guilt is overwhelming, the Old Chief violation is harmless. See, e.g., Redding v. United States, 105 F.3d 1254, 1255 (8th Cir. 1997) (habeas petitioner not entitled to relief under Old Chief given the overwhelming evidence of guilt). Here, the testimony of the police officers, to whom Harris admitted owning the gun, and the testimony of the witness

---

[3]Contrary to the dissent's assertion, it is Harris, not the government, who bears the burden of establishing that this nonconstitutional error was harmful. The Court in Old Chief held that the district court had violated Federal Rule of Evidence 403, not any provision of the United States Constitution. Old Chief, 117 S. Ct. at 652-55. See also, United States v. Moore, No. 97-1351, 1997 WL 694568 at *2 (8th Cir. Nov. 4, 1997) (Old Chief violation is nonconstitutional evidentiary error). Thus, the appropriate standard for ascertaining harmfulness is Federal Rule of Criminal Procedure 52(a). Under Rule 52(a) "[t]he party asserting the error has the burden of demonstrating that his or her substantial rights were affected." Moore, 1997 WL 694568 at *2. The dissent's reliance on Sullivan v. Louisiana, 508 U.S. 275, 278-79 (1993) and Seiler v. Thalacker, 101 F.3d 536, 539-40 (8th Cir. 1996), cert. denied, 117 S. Ct. 1447 (1997) is misplaced because the appellees in these cases alleged error of constitutional magnitude. The only other case cited by the dissent on this point is a Ninth Circuit opinion that asserts, without cited authority, that the government has the burden of establishing harmlessness on direct appeal. United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). With due respect to our sister circuit, we are bound by a long line of precedents to the contrary. See, e.g., Moore, 1997 WL 694568 at *2 (party asserting harmful error has burden of proof); Lowe v. United States, 389 F.2d 108, 112 (8th Cir. 1968) (defendant claiming error in reception of evidence has burden to show prejudice).

who saw Harris purchase the gun, in combination with other evidence that Harris lived at the house, was overwhelming evidence that Harris did, in fact, possess the weapon. Thus, we find any error in rejecting Harris's offer to stipulate to felon status was harmless.

## III.   CONCLUSION

We have carefully considered the remainder of Harris's arguments and find them to be without merit.  The judgment of the district court is affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent.  The trial court erred by admitting evidence of Harris's prior felony convictions under the Supreme Court's ruling in Old Chief v. United States, 117 S. Ct. 644, 652 (1991).  Thus, his conviction can only be affirmed if the government carried its burden of showing that the error infecting the trial was harmless.  I do not believe that the government has carried its burden.

We must reverse a conviction where the jury might have been "substantially swayed" by improperly admitted evidence.  United States v. Davis, 936 F.2d 352, 355 (8th Cir. 1991) (citation omitted).  Old Chief dictates that the risk of such prejudice is "substantial whenever the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning."  Id. at 652.  There is little doubt that the introduction of four of Harris's felony convictions could lead the jury to do this.  See United States v. Blake, 107 F.3d 621, 652-53 (8th Cir. 1997) (considering evidence of four prior felony convictions with other errors in reversing conviction).  Here the government's case was based solely on circumstantial evidence

and controverted testimony.[4]  Thus, exposing the jury to the number and type of Harris's prior convictions was arresting enough to lure jurors into a sequence of bad character reasoning.  See Old Chief, 117 S. Ct. at 652.

I am also in complete disagreement with the majority's assertion that Harris "must establish that the asserted error was not harmless."  Ante at 3 (citing Blake, 107 F.3d at 653).  The court's citation to Blake to support its statement is misplaced because that case states only that "[i]n determining whether evidentiary rule violations require reversal the Court applies the Fed. R. Crim. P. 52(a) harmless error analysis."  Blake, 107 F.3d at 653 (citation omitted).  Blake makes no statement whatsoever that a defendant has the burden to show an error was not harmless under Rule 52(a).

The court further attempts to support its contention by citing two cases, neither of which stand for the proposition offered.  In United States v. Moore, No. 97-1351, 1997 WL 694568 (8th Cir. Nov. 4, 1997), this court properly stated that a party asserting a nonconstitutional error has the burden of demonstrating that his substantial rights were affected by the error.  Id. at *2.  Stating that a defendant must show the error to have affected "substantial rights" is far afield from requiring the defendant to carry the burden to show the effect to be "not harmless" under Rule 52(a).

---

[4]The evidence upon which the government relied to convict Harris consisted of: controverted testimony of the officers that Harris admitted ownership and of a woman who claimed she saw Harris purchase the gun; testimony that Harris periodically lived at the house where police found the gun; and the fact that Harris had a hunting license. The record shows no evidence of Harris's fingerprints on the weapon, see United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (considering a lack of fingerprints on a weapon as a significant factor in determining whether evidence of possession of a weapon was overwhelming), nor did any of the officers see Harris in possession of the weapon.

In Lowe v. United States, 389 F.2d 108 (8th Cir. 1968), we stated that a defendant asserting error has a burden "to show both error and prejudice." Id. at 112 (quoting Thomas v. United States 281 F.2d 132, 136 (8th Cir. 1960)).[5] We clarified that statement by explaining that an evidentiary error that would warrant a reversal in a close case "may be disregarded as harmless where the evidence of guilt is strong." Id. (citation omitted). Lowe simply requires that a defendant asserting error show that the trial court erred in admitting evidence and that the evidence would tend to prejudice the fact finder against the defendant before requiring the reviewing court to consider whether the error was harmless. Neither Moore nor Lowe places the burden on the defendant to show the error was not harmless where the defendant claims nonconstitutional error.

In Darden v. Wainwright, Justice Blackmun stated that:

> Every harmless-error standard that [the Supreme] Court has employed . . . shares two salient features. First, once serious error has been identified, the burden shifts to the beneficiary of the error to show that the conviction was not tainted. Second, . . . the question before a reviewing court is never whether the evidence would have been sufficient to justify conviction, absent an error, but, rather, whether the error undermines its confidence in the outcome of the proceeding to an unacceptable degree.

---

[5]Despite our citation of Thomas indicating that a defendant must show error and "prejudice," it is clear that the burden of persuasion regarding prejudice where the trial court commits nonconstitutional error rests with the government. See United States v. Olano, 507 U.S. 725, 734-35 (1993) ("harmless error" inquiry under Rule 52(a) differs from "plain error" inquiry under Rule 52(b) in that defendant bears the burden of persuasion with respect to prejudice in claim under plain error rule).

-6-

477 U.S. 168, 197 (1986) (Blackmun, J., dissenting) (citations omitted).  This statement is consistent with <u>Kotteakos v. United States</u>, 328 U.S. 750 (1945), where the Supreme Court held that, even where the claimed error is nonconstitutional in nature, if the error's "natural effect is to prejudice a litigant's substantial rights," the party who benefitted from the error bears the burden of sustaining the verdict.  <u>Id.</u> at 760-61 (citations omitted).

Congress passed Rule 52(a) as a restatement of 28 U.S.C. § 391,[6] which was enacted to "prevent matters concerned with the mere etiquette of trials and with the formalities and minutiae of procedure from touching the merits of a verdict."  <u>Bruno v. United States</u>, 308 U.S. 287, 294 (1939).  The Supreme Court distinguishes a defendant's right to a trial free from mere technical errors as being "[of] a very different order of importance" than the defendant's right "to insist on a privilege which Congress has given him," <u>id.</u>, such as the right to be free of overly prejudicial evidence under Federal Rule of Evidence 403.

The majority attempts to defend its errant standard by distinguishing the application of the harmless-error rule in the present case from those in which the claimed error is constitutional in nature.  <u>See Sullivan v. Louisiana</u>, 508 U.S. 275, 278-79 (1993) (constitutional error is harmless if government can show beyond a reasonable doubt that the error did not contribute to the challenged verdict); <u>Seiler v. Thalacker</u>, 101 F.3d 536, 539-40 (8th Cir. 1996) ("The state has a heavy burden in proving that

---

[6]Section 391 provided, in pertinent part:

> On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.

28 U.S.C. § 391 (1928).

[a constitutional] error is harmless beyond a reasonable doubt.") (citation omitted). I agree that the harmless-error standard for nonconstitutional errors differs from that for constitutional ones, but the difference is that a claim of constitutional error automatically warrants harmless-error review, where a complaining party must show a nonconstitutional error to be more than merely technical to receive such review. In either case, however, the party receiving the benefit of the error carries the burden of showing that the error did not affect the verdict.

In <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997), the Ninth Circuit correctly applied the standard, holding that the government bears the burden to show harmlessness in a trial court's error of admitting prior felonies under <u>Old Chief</u>.[7] The majority has cited no cases contrary to <u>Hernandez</u>, and I have been unable to find any. In any event, our court must be guided by the decisions of the Supreme Court, which clearly dictate that the beneficiary of the trial court's error, the government, bears the burden to show that the error was harmless. The government has failed to meet its burden, and for that reason, Harris's conviction should not stand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[7]The majority dismisses the Ninth Circuit's holding in <u>Hernandez</u> as being "without cited authority." <u>Ante</u> at 3, note 3. The likely reason for the absence of citations by our sister circuit is the well-established principle that the beneficiary of a trial court's error bears the burden to show the error was harmless. The line of precedents alluded to by the majority is neither long, nor to the contrary of the rule in <u>Hernandez</u>.