**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4096
_____

United States of America,  *
                         *

      Plaintiff-Appellee,  *
                         *  Appeal from United States
v.                      *  District Court for the Eastern
                         *  District of Missouri.
Michael Kewan Crawford,  *
                         *

      Defendant-Appellant.  *
_____

Submitted: September 8, 1997
Filed: December 17, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

Michael Crawford was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At trial he had offered to stipulate to two prior felonies, but the government declined to accept the stipulation and the district court, consistent with the law in this circuit at the time, permitted evidence to be

introduced about the crimes.  Crawford claims this was reversible error under <u>Old Chief v. United</u>

States, 117 S.Ct. 644 (1997), decided after he filed his appeal.[1]  After examining the record, we affirm.

This case grew out of an encounter between Crawford and St. Louis police officers Maurice Jackson and John Stransky around 11 p.m. on January 24, 1996.  The testimony at trial differed on what happened that night.  Both officers testified that they saw Crawford standing at the side of the street holding a handgun.  They reported that he dropped the gun when they shone their squad car spotlight on him.  They arrested him and recovered the gun from the ground next to where he was standing.  They also testified that the area had a high incidence of drug and weapon crimes.  Crawford testified in contrast that he was waiting in the passenger seat of a car driven by Travis Haughton when the police approached and asked him to get out and step to the rear.  They then searched the car and found a gun he knew nothing about and arrested him (and not Haughton).  Although Crawford says that Haughton would corroborate his version of the events, he did not call him to testify at trial.

An essential element of the offense of being a felon in possession of a firearm is proof that the defendant was previously convicted of a crime punishable by imprisonment for a term of more than one year.  18 U.S.C. § 922(g)(1).  Crawford had had two convictions for

---

[1]Crawford also argued in his brief that application of 18 U.S.C. § 922(g)(1) to his situation is beyond the power of Congress under the Commerce Clause, relying on United States v. Lopez, 514 U.S. 549 (1995).  His counsel conceded at oral argument that this claim is foreclosed by United States v. Bates, 77 F.3d 1101 (8th Cir.), cert. denied, 117 S.Ct. 215 (1996).

possession of controlled substances, one in 1991 and the other in 1992.  His offer to stipulate that he had two prior felonies was rejected by the government.  Instead, evidence was introduced that he had twice been convicted for possession of cocaine.  The government also introduced Crawford's "penitentiary package" which is an identification sheet of a type made for someone entering the

Missouri prison system; it includes photographs, fingerprints, and a serial number. The arrest register for his 1991 offense had similar information and was also received.

Crawford contends that this evidence was unfairly prejudicial and that its admission was an abuse of the district court's discretion. He seeks reversal of his conviction and a new trial. Crawford argues the admission of evidence related to his prior drug convictions predisposed the jury to disbelieve his account and to credit the police testimony. The government responds that Crawford's conviction should stand since any prejudice did not rise to the level of that in Old Chief where the defendant was charged both with violating § 922(g)(1) and with assault with a dangerous weapon, the same type of offense as his prior conviction. The government also asserts that any prejudice to Crawford was harmless because the jury would have convicted him even without the challenged evidence.

When the defendant in a § 922(g)(1) case offers to stipulate to his status as a felon, "evidence of the name or nature of the prior offense generally carries the risk of unfair prejudice." Old Chief, 117 S.Ct. at 652. Where such a risk substantially outweighs the probative value of the details of the prior conviction, it is an abuse of discretion not to accept an admission in a stipulation. Id. at 655. This rule normally applies, however, "only when the record of conviction would not be admissible for any purpose beyond proving status." Id. at 655. It does not apply if there is another "justification for receiving evidence of the nature of the prior acts on some issue

other than status," such as under Fed. R. Evid. 404(b). Id. In such a case Rule 404(b) would "guarantee[] the opportunity to seek its admission." Id.

In Crawford's case there is another evidentiary rule that could have justified admission of evidence about the nature of his prior felonies. Since Crawford took the stand and testified to his version as to whether he possessed a gun, evidence of his prior felonies would have been admissible under Fed. R. Evid. 609(a)(1), unless the court determined that the prejudicial effect outweighed its probative value as impeachment.

Credibility was at the heart of the jury's factfinding responsibility since possession was the critical issue. The probative value of the evidence was therefore significant, but the fact that the convictions were for drugs might have a prejudicial impact. (The common linkage of drugs and guns has been frequently recognized. See United States v. Jones, 990 F.2d 1047, 1049 (8th Cir. 1993), cert. denied, 510 U.S. 1048 (1994); United States v. Nash, 929 F.2d 356, 359 (8th Cir. 1991)).

Admission of evidence of the nature of the prior convictions does not automatically result in reversal of a conviction. See United States v. Horsman, 114 F.3d 822, 827 (8th Cir. 1997); United States v. Blake, 107 F.3d 651, 653 (8th Cir. 1997). The defendant must also show that he actually suffered unfair prejudice and that such prejudice was not harmless.[2] See Old Chief, 117 S.Ct. at 652; Blake, 107 F.3d at 652-653. The existence and degree of unfair prejudice will turn on the facts of each case. Id. An error is harmless if it "does not affect substantial rights" of the defendant. Fed. R. Crim. P. 52(a). An error affects substantial rights "[o]nly if the jury may have been 'substantially swayed' by improperly admitted evidence." Blake, 107 F.3d. at 653 (quoting United States v. DeAngelo, 13 F.3d 1228, 1233 (8th Cir. 1994)) (citations omitted); see also Horsman, 114 F.3d at 828.

---

[2]In some circumstances a limiting instruction on how the jury may use the evidence will protect against unfair prejudice or harmful impact on the defendant's substantial rights, see Redding v. United States, 105 F.3d 1254, 1255 (8th Cir. 1997), but in this case no such instruction was given.

After studying the record, we are convinced that any error in admission of the challenged evidence was harmless considering all the circumstances and the fact that the nature of the prior convictions could have been offered under Rule 609(a)(1). Both officers testified that they saw Crawford holding a gun, that he dropped it as soon as they shone a light on him, and that they picked it up from the ground where he had been standing. His story was that the police took a gun he knew nothing about from a car

driven by Haughton and he alone was arrested.  Although Crawford says that he would not have testified if his stipulation had been accepted, it was only his testimony at trial that created an issue of fact about the necessary element of possession and this was his theory of defense. He asserts now that he could have presented the testimony of Haughton and another witness to corroborate his version of the events and that Haughton would have taken responsibility for the gun even though he too was a felon. The record reflects Haughton's counsel indicated during trial that he was available to testify, yet Crawford did not call him to bolster his story.  The test for harmless error is whether any legal error affected the result of his trial, not how the unoffered evidence might have played out in the trial.  See United States v. Davis, 657 F.2d 637, 640 (4th Cir. 1981) ("The test for harmlessness for nonconstitutional error is whether it is probable that the error could have affected the verdict reached by the particular jury in the particular circumstances of the trial.").  In the circumstances presented we find any error to have been harmless.

For these reasons the judgment is affirmed.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH CIRCUIT.

-9-