**UNITED STATES of America, Plaintiff,**

v.

**Eddie Lee FRYER, Defendant.**

No. 96 C 3921.
No. 90 CR 57.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 9, 1998.
Opinion Supplementing Decision
Oct. 13, 1998.

James B. Burns of United States Attorney's Office, (Chicago, IL), for government.

Thomas K. McQueen of Jenner & Block (Chicago, IL), for defendant.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

Following a 1990 jury trial on charges stemming from three bank robberies (more precisely, one bank robbery and two robberies of savings and loan institutions), Eddie Lee Fryer ("Fryer") was convicted on five of the seven counts in the indictment (three counts charging armed bank robberies and two of three counts charging the use of a weapon during commission of a violent felony) and was acquitted on the other two counts (the third count charging such use of

a weapon and one count charging possession of a firearm by a previously-convicted felon). Those convictions produced a guideline-dictated and statute-dictated sentence aggregating 562 months in the custody of the Bureau of Prisons.

Next Fryer's conviction and sentence were affirmed by our Court of Appeals (974 F.2d 813 (7th Cir.1992)). Nearly four years later, following some unsuccessful pro se efforts to attack his conviction, and after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), Fryer filed a lengthy self-prepared 28 U.S.C. § 2255 ("Section 2255") motion challenging his conviction (and hence the ensuing sentence) by specifying four respects in which the representation by his trial counsel Martin Agran, Esq.[1] was assertedly constitutionally deficient. This Court then appointed pro bono counsel to represent Fryer in the Section 2255 proceeding and requested both the appointed counsel and the Assistant United States Attorney to file memoranda addressing the then-undecided question whether the Act's recent amendment to Section 2255 would bar Fryer's motion under the newly-enacted one-year limitation period (it was only later that our Court of Appeals resolved that issue by negating such a bar in *Lindh v. Murphy*, 96 F.3d 856, 865–66 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)).

Fryer's appointed counsel responded in part by pointing to the decision in *Lindh*, which had by then been decided by the Court of Appeals and was pending before the Supreme Court. In addition, after reviewing the entire trial transcript and the appellate proceedings, and after conferring with Fryer a number of times, appointed counsel (with Fryer's authorization) withdrew the first of Fryer's four Section 2255 assertions. That has left for consideration three of Fryer's original arguments, plus one that has been newly added by appointed counsel.

As the premise for the first of those arguments, Fryer and his counsel point to the fact of his having been found guilty on Count Three (armed robbery of Citicorp Savings) but not guilty on Count Four (use of a weapon during the commission of a violent felony—the same Citicorp robbery), urging that by so deciding the jury had rendered an inconsistent verdict. Originally Fryer had simply challenged that as "plain error" and had urged that Fryer's trial counsel was deficient in not having objected to the Count Three conviction. Section 2255 counsel has amplified that by arguing that the trial counsel should have tendered a lesser-included-offense instruction of bank robbery (not armed bank robbery) on that incident.

■ This Court has no quarrel with characterizing the jury verdicts on the two counts as inconsistent, but any attempt to convert that inconsistency into a Sixth Amendment violation by trial counsel is deeply flawed. In light of the evidence, it was not the armed bank robbery conviction on Count Three but the Count Four acquittal that was astonishing—as the Court of Appeals accurately reported the Citicorp teller's testimony (974 F.2d at 815–16 (emphasis added)):

> Teller Corey James noticed a black man [whom a second teller who was standing just a few feet away at the time of the robbery later identified as Fryer during a lineup] waiting in the customer line, an occurrence he considered unusual because there were not many black people in the bank's neighborhood. When it was the man's turn, he approached James's window and asked for change for two one-dollar bills. James looked down to open his cash drawer to get the change, and when he looked up he was looking at the barrel of a shotgun. The man also held a grocery store plastic bag. The man said "fill up the bag and hurry up and don't make me use this."

That testimony, obviously credited by the jury in convicting Fryer on the Count Three

---

1. At that time appointed trial counsel Agran was a member of the Federal Defender Panel (as is Fryer's present Section 2255 appointed counsel). In this Court's experience, based not only on Agran's handling of Fryer's defense but also on a number of cases on its criminal calendar that Agran had handled in that capacity both before and after the Fryer representation, he was an extremely able criminal defense practitioner. Since then attorney Agran has become a Judge of the Circuit Court of Cook County.

armed robbery charge, should by all rights have produced a like conviction on the Count Four use of a weapon charge. That it did not speaks volumes for attorney Agran's skill in pulling a rabbit out of a hat, not for his inadequacy (let alone any asserted constitutional inadequacy) as a defense lawyer.

Any such inconsistency within the verdict would not of course have been a ground for relief for Fryer (see, e.g., *United States v. Sims*, 144 F.3d 1082, 1083–84 (7th Cir.1998), adhering to the definitive pronouncement in *United States v. Powell*, 469 U.S. 57, 64–65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)). Those and all other cases on the topic stress the impossibility of learning whether or why a jury may have overdone the exercise of lenity or may otherwise have strayed from logic or from the evidence (or both) by acquitting a defendant. And it would be impermissible to tag trial attorney Agran with insufficient representation for his not having foreseen a result that could not reasonably have been anticipated, as was true here.

■ Fryer's next pro se argument was that his conviction on Counts Five and Six was obtained by the government's use of knowingly false testimony. That contention from Fryer's original Petition was not argued by Section 2255 appointed counsel in his initial submission at all, though counsel's Reply at 2 n. 1 does seek to disclaim his having withdrawn the issue from consideration. Little wonder, however, that the able appointed counsel has provided no argument in support of the contention—it is simply bogus. There is no legitimate predicate for labeling the testimony to which Fryer refers as having been known to the prosecutor as false. And that being the case, there is also no predicate for urging that trial counsel was deficient at all—let alone constitutionally deficient—for failing to advance the same groundless argument.

As their next issue, both Fryer and the Section 2255 appointed counsel advance (albeit in slightly different terms) technical challenges to the sufficiency of the Count Three and Count Five charges because each of Citicorp Savings and Pathway Financial (the respective victims of Fryer's depredations charged in those counts) was alleged to be "a savings and loan association acting under the laws of the United States." As appointed counsel correctly points out, the corresponding language of 18 U.S.C. § 2113 (the offense charged in each of those counts) is "organized or operating under the laws of the United States."

■ At trial both of the institutions were identified by proper evidence as having their deposits federally insured. Current counsel's attempted nit-picks are wholly unpersuasive in urging (1) that such a distinction exists between "acting under the laws of the United States" and "operating under the laws of the United States" as to demonstrate that trial counsel's failure to challenge the language of the "acting under" allegations on pretrial motion or at trial demonstrated constitutional inadequacy and (2) that trial counsel's failure to raise the difference in the insuring institutions showed a like inadequacy of representation.

Finally, Section 2255 counsel advances a new argument based on the decision in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (which came down after Fryer had filed his Section 2255 motion). Although counsel recognizes that *Old Chief* presents a retroactivity issue as a potential subject of collateral review (of course the case was decided several years after Fryer had exhausted his right to direct review), counsel argues that the issue comes within the limited exceptions announced in *Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) to the general rule of nonretroactivity.

What happened in this instance is that an essential element of the Count Seven charge of being a convicted felon in possession of a firearm (that was one of the two counts, it will be remembered, on which Fryer was acquitted) was the existence of a prior conviction. In that respect this Court followed firmly established Seventh Circuit precedent in communicating to the jury the nature of his prior conviction—one for robbery. This Court coupled that disclosure with a cautionary instruction. Because *Old Chief* has now changed the law in that respect, holding that it would be error for a trial court to refuse a

defense-proffered stipulation to the fact of defendant's being a convicted felon so that the jury would not be exposed to the specific nature of that earlier conviction, Fryer's current counsel urges that the situation in this case—despite Fryer's having been acquitted on Count Seven itself—involved constitutionally inadequate representation by trial counsel Agran because the jury's having gained knowledge of the nature of Fryer's prior conviction assertedly tainted its consideration of the other counts. It should be noted that even before the decision in *Old Chief,* Fryer advanced an equivalent challenge on the merits, only to find it rejected by our Court of Appeals [2] in these terms (974 F.2d at 823 (citation and footnote omitted)):

> Employing a balancing test under Rule 403 of the Federal Rules of Evidence, we held [in an earlier case raising the identical issue] that the probative value of [defendant's] felony record was substantial because it was an element of the offense.
>
> The same is true here. Evidence of Fryer's earlier conviction was an essential element of the crime charged in count seven. As to the remaining counts, Fryer's assertion to the contrary notwithstanding, any prejudice to him was insubstantial, if not nonexistent, in the face of the overwhelming evidence of his guilt: the eyewitness identifications, the videotapes of the robberies, the gun, the jacket, the scarf, and the photo of his battered face. Moreover, the district court correctly preceded the introduction of his conviction with a cautionary instruction to the jury. We hold that it did not abuse its discretion in allowing the government to read to the jury Fryer's prior conviction.

 Nothing in *Old Chief* suggests that the rule newly announced there qualified for retroactivity under the *Teague* principles. Although our own Court of Appeals has not spoken to that issue, a per curiam opinion from the Sixth Circuit (*In re Green,* 144 F.3d 384, 386–87 (6th Cir.1998)) has flatly rejected any retroactive application of *Old Chief* that would make it available to a defendant in a collateral attack such as Fryer's here. And

this Court finds that analysis and result compelling.

Indeed, even if the post-conviction decision in *Old Chief* were somehow to be taken into account, there would seem to be an extraordinary level of irony in holding that trial counsel's representation was constitutionally deficient for not having argued the authority of a not-yet-decided case as against then-settled Seventh Circuit law. After all, attorney Agran *did* object to this Court's inclusion of the nature of the offense in the charge as given to the jury (974 F.2d at 822 n. 4), and he raised the same objection (albeit unsuccessfully) on appeal (*id.* at 822–23). Thus this case really presents an a fortiori situation as compared with *Redding v. United States,* 105 F.3d 1254, 1255 (8th Cir.1997) (per curiam), which rejected an effort by a Section 2255 movant to label his counsel as violating his constitutional rights by *not* anticipating *Old Chief* and raising the issue on appeal (as Agran did). Except for the a fortiori factor that renders this an even stronger case against Fryer, what was said in *Redding, id.* (some citations omitted) might well have been written for this case:

> We conclude [despite *Old Chief* ] that Redding is not entitled to relief because any error in refusing to accept Redding's stipulation was harmless given the overwhelming evidence of guilt and the District Court's jury instruction not to consider the prior convictions as evidence of a general tendency to commit crimes. Moreover, Redding's counsel could not be considered ineffective for failing to raise this issue on appeal. See *Driscoll v. Delo,* 71 F.3d 701, 713 (8th Cir.1995) (counsel not required "to be clairvoyant of future Supreme Court decisions in order to provide effective assistance"), *cert. denied,* —— U.S. ——, 117 S.Ct. 273, 136 L.Ed.2d 196 (1996).

This Court similarly declines the hindsight invitation of Fryer's current counsel to tar trial and appellate counsel Agran with the brush of constitutional inadequacy.

In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the

---

2. Trial counsel Agran also represented Fryer on appeal.

district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). Although it has taken briefing by the parties to make that plain, no evidentiary hearing is required (*id.* Rule 8(a)). Accordingly the Section 2255 motion is denied (*id.*) and this action is dismissed.

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's September 9, 1998 memorandum opinion and order ("Opinion") denied the 28 U.S.C. § 2255 ("Section 2255") motion that had been filed by and on behalf of Eddie Lee Fryer ("Fryer"), rejecting each of the arguments made on his behalf by his able appointed counsel in this action. This supplement to the Opinion is occasioned by this Court's having noted an opinion from the United States Court of Appeals for the Eleventh Circuit (*United States v. Mitchell,* 146 F.3d 1338 (11th Cir.1998)) that is startlingly parallel to one aspect of Fryer's contentions dealt with in the Opinion.

Like this case, *Mitchell* dealt with two separate criminal charges stemming from an armed bank robbery (although Fryer unlike the *Mitchell* defendant committed more than one such bank robbery, only one of them gave rise to his claim of inconsistent verdicts). In *Mitchell* as here the jury returned a guilty verdict on an armed robbery charge, while at the same time acquitting defendant on the separate charge of using a firearm in the course of that offense. On direct appeal Mitchell advanced the same two arguments that Fryer has used as the basis for claiming inadequate representation by his trial counsel; the asserted inconsistency of those verdicts (which Fryer converted into a charge of trial counsel's deficiency in not having objected to the conviction and in having failed to have tendered a lesser-included-offense instruction of bank robbery, rather than armed bank robbery). *Mitchell,* 146 F.3d at 1343–45 flatly rejected both of those contentions, essentially buttressing the analysis and conclusion set out by this Court in Opinion at 835–836.

This supplement to the Opinion is of course not intended to affect the timing or finality of the September 9 dismissal of this action, as reflected in the Opinion. It is simply issued to reflect the existence of further (and compelling) authority to support that conclusion.