**STATE of Iowa, Appellee,**

v.

**Wendell Anthony BEETS, Appellant.**

No. 94–546.

Supreme Court of Iowa.

March 29, 1995.

Rehearing Denied April 26, 1995.

522

Jerald W. Kinnamon, Heather L. Shank, and J. Dean Keegan of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Jeffrey L. Clark, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

Defendant, Wendell Beets, appeals from judgment and sentence, following a bench trial, entered upon his conviction of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11 (1991). He contends that the court employed an incorrect definition of the offense and that the conviction is not supported by sufficient evidence. He also contends the court refused to consider probation based on an improper factor. We affirm.

Beets was charged with assault with intent to commit sexual abuse. The victim testified that Beets drove her to a dark and deserted road, lunged at her from across the church van, fondled her, attempted to move her underwear over to one side, placed his penis against her leg, and tried to place her hand on his penis. The victim testified that she struggled with Beets. When she eventually began to cry, Beets stopped the assault and pleaded with her not to tell anyone. Beets testified, however, that the victim asked him to take her for a ride and when he was turning the van around she grabbed him around the neck and kissed him.

The district court found Beets guilty as charged. In its findings of fact and conclusions of law, the court wrote:

Iowa Criminal Jury Instruction 900.6 sets forth the elements of the offense of Assault With Intent to Commit Sexual Abuse. In order to find Wendell Beets guilty of this offense, the Court must find that on the 19th day of July, 1993, he did commit an assault upon [the victim]; that

the Defendant did so with the specific intent to commit a sex act.

Beets moved for a new trial arguing, among other things, that the court had omitted an essential element of the offense. The motion was overruled.

The district court adjudged Beets guilty of the offense of assault with intent to commit sexual abuse and sentenced him to a term not to exceed two years. Beets now appeals.

**I. Uniform Jury Instruction 900.6.** Beets contends Uniform Criminal Jury Instruction 900.6, relied upon by the trial court, incorrectly defines assault with intent to commit sexual abuse because it omits the "by force or against the will" element of the offense.

■ We have been reluctant to disapprove uniform jury instructions. *State v. Weaver,* 405 N.W.2d 852, 855 (Iowa 1987). However, if an instruction is faulty we will do so. *State v. Monk,* 514 N.W.2d 448, 450 (Iowa 1994); *State v. McMullin,* 421 N.W.2d 517, 518–19 (Iowa 1988).

■ Section 709.11 defines assault with intent to commit sexual abuse: "[a]ny person who commits an assault, as defined in section 708.1, with the intent to commit sexual abuse...." The definition of sexual abuse relevant to the instant case is found in section 709.1(1):

Any sex act between persons is sexual abuse by either of the participants when . . . :

1. The act is done by force or against the will of the other.

Consequently, to prove a defendant guilty of assault with intent to commit sexual abuse, the State must establish beyond a reasonable doubt each of the following: (1) the defendant assaulted the alleged victim, (2) with the intent to commit a sex act, (3) by force or against the will of the victim.

■ Although a jury instruction need not contain precisely the language of the statute, the instruction must be a correct statement of the law. *Monk,* 514 N.W.2d at 450. Unfortunately, Uniform Criminal Jury Instruction 900.6 omits the "by force or against the will" element of the offense of assault with intent to commit sexual abuse. It is not a correct statement of the law.[1]

■ Our conclusion that the uniform instruction is flawed does not require reversal of Beets' conviction. Although the district court enunciated its reliance upon instruction 900.6, it specifically found that Beets "committed an assault upon the victim by grabbing and fondling her body *against her will.* The Court further [found] that he intended to commit a sex act of penis to vagina contact or contact between his penis and the hand of [the victim]." (Emphasis added.) Beets was not prejudiced by the court's reliance on the elements of this crime contained in the uniform instruction because the court found that the omitted element existed in fact. Therefore, we do not reverse. *Cf. McMullin,* 421 N.W.2d at 519.

**II. Sufficiency of the evidence.** Beets argues there is insufficient evidence that he intended to commit a sex act against the will of another to support the conviction.

■ The trial court's finding of guilt is binding upon us unless we find there is not substantial evidence in the record to support the finding. *State v. Torres,* 495 N.W.2d 678, 681 (Iowa 1993) (citing *State v. Robinson,* 288 N.W.2d 337 (Iowa 1980)). We view the record evidence in the light most favorable to the State. *Id.* We consider all the record evidence, not just the evidence supporting guilt. *Id.* Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.*

■ Upon our review, we find substantial evidence exists to support the conclusion that

---

1. At first glance Uniform Instruction 900.10 might be read to cure the problem. ("Concerning element number 2 of Instruction No. ——, the State must prove that the defendant committed a sex act 'by force or against the will' of the (*victim*)....") On closer inspection, the instruction merely defines the "by force or against the will" element included in marshaling instructions 900.1, 900.2 and 900.3 Marshaling instruction 900.6, however, omits that necessary element, so a definition of the element is not helpful. (Assuming a properly worded marshaling instruction is given, the court must also give proper definitional instructions such as 900.10.)

**524**

Beets assaulted the victim with the intent to commit a sex act by force or against her will. The trial court considered the diametrically opposed accounts of events by Beets and the victim and concluded it was the victim who had testified accurately. We give considerable weight to this credibility determination. Iowa R.App.P. 14(f)(7).

There is substantial evidence in the record to establish the following facts. Beets took a young member of his church to a secluded road late in the evening. He is much larger than she. He lunged at her, grabbing and fondling her. She protested and struggled against the assault. Beets attempted to make contact between his penis and her hand or her vagina. This evidence sufficiently supports the conviction of assault with intent to commit sexual abuse.

**III. Sentencing considerations.** Finally, Beets argues that the trial court abused its discretion when it considered the presentence investigation report recommendation that he not be considered for probation because of his failure to confess guilt.

An abuse of discretion will not be found unless the defendant shows that the sentencing court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979). Beets has failed to make such a showing here.

The presentence report indicated probation in the community was an inappropriate placement because Beets continued to deny the allegations against him. We do not agree with Beets' characterization that the court refused to consider probation because Beets refused to admit guilt. The sentencing court considered Beets' age, family circumstances, the nature of the offense, his employment circumstances, and the presentence investigation report. The court indicated its concern about Beets' projection of blame, his lack of understanding of the offense, and his continued attempts to cultivate the trust and confidence of young people. The court believed it not unlikely that Beets would offend again under the circumstances—circumstances the court considered "extremely dan-

gerous." The court's stated concerns are tenable and entirely reasonable.

The sentencing court did not abuse its discretion in concluding that probation was inappropriate.

**IV. Conclusion.** For all the reasons stated, we affirm the conviction and sentence imposed.

**AFFIRMED.**