# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2898

_____

Wendell A. Beets,                              *
                                               *
        Appellant,                    *
                                               *
                              *   Appeal from the United States
      v.                               *   District Court for the
                                               *   Northern District of Iowa.
Iowa Department of Corrections                 *
Services, Director; State of Iowa,             *
                                               *
        Appellees.                    *

_____

Submitted: October 19, 1998
Filed:   January 8, 1999

_____

Before BOWMAN, Chief Judge, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Chief Judge.

Wendell A. Beets, who was convicted of assault with intent to commit sexual abuse in violation of Iowa Code § 709.11 (1991), appeals from the judgment of the District Court[1] denying Beets's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994). Beets argues the District Court erred in concluding that the state

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

trial court's reliance on an erroneous jury instruction in Beets's trial before the bench did not violate Beets's Fourteenth Amendment right to due process. We affirm.

We begin with the facts of the crime as determined by the state trial court, which found the testimony of the victim, Kim Frazier, to be an accurate account of the pertinent events.

Kim Frazier and her parents were long-standing, active members of the Sound Doctrine Church in Cedar Rapids, Iowa. Frazier regularly sang in the church choir, which periodically toured various other churches to perform during Sunday services. On Sunday, July 19, 1992, the choir, additional church members, and Pastor Wendell A. Beets journeyed via chartered bus to Des Moines to sing at a church function and engage in other church activities. At around midnight on the night of July 19, the choir returned to Cedar Rapids and the parking lot of the Sound Doctrine Church. Because Frazier did not have a car at the church, she, along with roughly a dozen other church members, rode home on the church van. Wendell Beets drove the van.

As Beets neared the end of the route connecting the various church members' homes, he dropped off Frazier's cousin at her destination three blocks from Frazier's home, leaving only Frazier and Beets in the van. Beets apparently made sure that he and Frazier would be alone in the van by manipulating the order in which he dropped off the various church members. Despite the late hour and the proximity to Frazier's home, Beets insisted that Frazier accompany him to look at a car she might be interested in buying, and Frazier grudgingly consented. After a protracted drive taking Frazier and Beets outside the Cedar Rapids city limits, Frazier found herself, not at a used car lot as Beets had represented, but on a dark, unfamiliar gravel road in rural Linn County, Iowa.

Upon stopping the van, Beets moved toward the passenger seat where Frazier was sitting, lunged at her, and began trying to kiss her. Although Frazier objected, Beets, who was much larger than Frazier, persisted in kissing Frazier on the face and neck. As Frazier struggled to protest further, Beets inserted his hands inside Frazier's shirt and fondled her chest. Beets used one of his legs to pry open Frazier's legs and reached under her skirt to fondle her inner thighs and vagina. Beets took Frazier's hand in his own and attempted to place her hand on his penis, which at some earlier point had been removed from Beets's pants. Although Beets's exposed penis never touched Frazier's hand, it came into contact with Frazier's upper leg, very close to her vaginal area.

When Frazier finally began to weep and covered her face with her hands, Beets ceased his advances and withdrew to the driver's seat of the van. Beets apparently realized the depravity of his behavior and expressed remorse for his weakness. He also pleaded with Frazier not to reveal the night's events to anyone for fear that his good reputation would be destroyed and the church community and Frazier's family would suffer. The entire episode, from the time the van stopped to Beets's attempts at penitence, lasted approximately thirty to forty-five minutes.

Beets was charged in Linn County, Iowa, with assault with intent to commit sexual abuse in violation of Iowa Code § 709.11. Beets waived his right to a jury trial, and his trial was conducted with the Iowa district court sitting as factfinder. The trial court made findings of fact and drew conclusions of law, found Beets guilty beyond a reasonable doubt, and sentenced him to a prison term not to exceed two years. Beets appealed to the Supreme Court of Iowa, claiming that the instruction upon which the trial court relied, Iowa Criminal Jury Instruction 900.6, omitted an essential element of the crime for which Beets was convicted. The Supreme Court of Iowa concluded that the uniform instruction was "not a correct statement of the law," but affirmed Beets's conviction because Beets was not prejudiced by the erroneous instruction. State v. Beets, 528 N.W.2d 521 (Iowa 1995).

Beets filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State conceded that Beets had exhausted his state remedies despite his not having used the state's post-conviction procedures. (He apparently had no claim to assert that had not already been raised and adjudicated on direct appeal to the Supreme Court of Iowa). The District Court denied Beets's petition, and Beets appeals.[2]

For his first argument on appeal, Beets claims that the state trial court's reliance on Iowa Criminal Jury Instruction 900.6 resulted in Beets's being convicted without a finding of an essential element of the crime in violation of the Due Process Clause of the Fourteenth Amendment. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

That the trial court relied upon an erroneous instruction omitting an essential element of the crime of assault with intent to commit sexual abuse is uncontroverted. In its written ruling, the trial court explicitly found in the erroneous instruction the legal standard to be applied, and on direct appeal, the Supreme Court of Iowa acknowledged the trial court's reliance on the instruction and determined that the instruction incorrectly stated the law. State v. Beets, 528 N.W.2d at 523.

The Iowa Code delineates assault with intent to commit sexual abuse as follows: "Any person who commits an assault . . . with the intent to commit sexual abuse is guilty of . . . an aggravated misdemeanor if no injury results." Iowa Code § 709.11

---

[2]Beets has been released from custody during the pendency of his habeas petition. Because he was in the custody of the State of Iowa when he filed his habeas petition, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied and the federal courts have jurisdiction to entertain his petition. See Carafas v. Lavallee, 391 U.S. 234, 238-40 (1968); Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975), cert. denied, 426 U.S. 911 (1976).

-4-

(1991) (emphasis added). The Iowa statutes in turn define sexual abuse: "Any sex act between persons is sexual abuse by either of the participants when . . . . [t]he act is done <u>by force or against the will of the other</u>." Iowa Code § 709.1 (1991) (emphasis added). Thus, to convict Beets of assault with intent to commit sexual abuse, the trial court had to find beyond a reasonable doubt each of the following elements of that crime: (1) Beets assaulted Frazier, (2) with the intent to commit a sex act, (3) by force or against Frazier's will. By comparison, the instruction in question, Iowa Criminal Jury Instruction 900.6, required a finding only that Beets assaulted his victim with the specific intent to commit a sex act. As the Supreme Court of Iowa concluded, and the State concedes, the instruction conspicuously omitted the "by force or against the will" element required by the Iowa Code and, therefore, misstated Iowa law. <u>See</u> <u>State v. Beets</u>, 528 N.W.2d at 523.

That the instruction was erroneous as a matter of state law is not determinative of the issue whether the trial court's reliance on the instruction deprived Beets of the process he was due pursuant to the Fourteenth Amendment. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 66 (1991); <u>Seiler v. Thalacker</u>, 101 F.3d 536, 539 (8th Cir. 1996) ("Whether a jury instruction is correct under state law is not the same issue as whether a jury instruction violated the due process clause."), <u>cert. denied</u>, 117 S.Ct. 1447 (1997). Before we may overturn a state conviction, the validity of which is questioned on account of a deficient instruction, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." <u>Cupp v. Naughten</u>, 414 U.S. 141, 146 (1973); <u>see also</u> <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).

In the present case, however, because we conclude any error of constitutional dimension was harmless, we need not reach the question whether the trial court's reliance on Iowa Criminal Jury Instruction 900.6 violated a right guaranteed to Beets by the Fourteenth Amendment. The Supreme Court has "repeatedly reaffirmed the

principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986) (citing Chapman v. California, 386 U.S. 18, 24 (1967)).[3] In conducting this harmless error analysis, we must view the instruction in question not in isolation but in the context of the entire record. See United States v. Park, 421 U.S. 658, 674-75 (1975) ("[I]n reviewing jury instructions, our task is . . . to view the charge itself as part of the whole trial.")); see also United States v. West, 28 F.3d 748, 751 (8th Cir. 1994) (explaining United States v. McMillan, 820 F.2d 251, 256 (8th Cir. 1987)). We review the record de novo. Williams v. Clarke, 40 F.3d 1529, 1541 (8th Cir.1994), cert. denied, 514 U.S. 1033 (1995).

---

[3]The Supreme Court has squarely determined that the harmless error standard requiring a reviewing court to find harmlessness beyond a reasonable doubt, see Chapman, 386 U.S. at 24, generally is inapplicable in the context of collateral review. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Instead, the Court has adopted the "less onerous" standard found in Kotteakos v. United States, 328 U.S. 750, 776 (1946), for application on habeas review. See Brecht, 507 U.S. at 637-38. However, this Circuit continues to apply the strict Chapman standard in the context of habeas review when a state court has not conducted its own harmless error analysis on direct appeal. See Cox v. Norris, 133 F.3d 565, 572 (8th Cir. 1997) cert. denied, 119 S.Ct. 89 (1998); Starr v. Lockhart, 23 F.3d 1280, 1292 (8th Cir.), cert. denied, 513 U.S. 995 (1994).

In the present case, the Supreme Court of Iowa couched its opinion in terms of prejudice to the defendant, rather than in terms of harmlessness. See State v. Beets, 528 N.W.2d at 523 ("Beets was not prejudiced by the [trial] court's reliance on . . . the uniform instruction . . . ."). The Supreme Court of Iowa's conclusion on direct appeal that the instructional error in this case was not prejudicial does not constitute a determination of harmlessness. See Seiler, 101 F.3d at 539. Because the Supreme Court of Iowa did not conduct harmless error review on direct appeal, we apply the Chapman standard requiring that the State show "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Chapman, 386 U.S. at 24.

Undertaking "a fair evaluation of the omission in the context of the entire record," the Supreme Court has held that a state trial court's failure to instruct a jury on an essential causation element in a second-degree murder trial was not constitutional error requiring a grant of habeas corpus relief. See Henderson v. Kibbe, 431 U.S. 145, 152-54 (1977). In Henderson, despite the trial court's omission, the Supreme Court determined that "the evidence was plainly sufficient to prove [the omitted] fact beyond a reasonable doubt" and that the record required the "conclu[sion] that the jury made such a finding." Id. at 153.

In the present circumstance of Beets's trial before the bench, we need not speculate about the effect of the instructional error on a jury's deliberations; we have the trial court's written findings in the record before us. From the testimony regarding Beets's deception of Frazier, his relentless groping of Frazier, his refusal to heed Frazier's repeated protests, and his size relative to Frazier, the trial court expressly determined that Beets "grabb[ed] and fondl[ed] her body against her will." State v. Beets, No. AG-9092 at 4 (Dec. 15, 1993) (trial court's Findings of Fact, Conclusions of Law, and Judgment). By way of these actions, the trial court found, Beets "intended to commit a sex act of penis to vagina contact or contact between his penis and the hand of Ms. Frazier." Id. The trial court concluded that "all [Beets's] actions point toward that specific intent and that this was not simply the case of an unwelcome touching of Ms. Frazier." Id.

The dissent does not discern from the record a finding by the trial court that Beets intended to commit a sex act against Frazier's will. But the difference between the finding actually made and the finding the dissent demands is negligible. The trial court explicitly found that Beets grabbed and fondled Frazier against her will and that, concurrent with the grabbing and fondling, Beets intended to commit a sex act, which clearly must also have been against Frazier's will.

The Supreme Court of Iowa, on direct appeal, determined that the "by force or against the will" element existed in fact, see State v. Beets, 528 N.W.2d at 523, and we presume the validity of the Supreme Court of Iowa's factual findings. See 28 U.S.C. § 2254(d) (1994); Pruett v. Norris, 153 F.3d 579, 584 (8th Cir. 1998) ("The [§ 2254(d)] presumption of correctness applies to all factual determinations made by state courts of competent jurisdiction, including trial courts and appellate courts."). Moreover, Beets has pointed to nothing in the record to rebut the § 2254(d) presumption.

Viewing the deficient instruction in the context of the entire record before us, we conclude that the findings of the trial court regarding the element in question render any instructional error of constitutional dimension harmless beyond a reasonable doubt.

Beets maintains, nonetheless, that we may not make a determination whether any error in the present case is harmless because the error here is "structural error," to which the harmless error analysis cannot apply. We disagree.

Since the Supreme Court's decision in Chapman, 386 U.S. 18, in which the Court rejected the argument that constitutional error necessitates automatic reversal of a criminal conviction, the Court has found harmless a wide variety of errors. Consistent with Supreme Court mandate, this Court has determined that there exists a strong presumption that most constitutional errors are amenable to harmless-error analysis. See United States v. Raether, 82 F.3d 192, 194 (8th Cir. 1996) (citing Rose v. Clark, 478 U.S. 570, 578-79 (1986)). "[W]hile there are some errors to which Chapman does not apply, they are the exception and not the rule." Rose, 478 U.S. at 578. The exception is the structural error, an error that so pervasively contaminates the trial mechanism–the "structure" of the trial–from beginning to end that it is not susceptible to quantitative assessment in the context of the entire trial to determine whether it was harmless. See Rush v. Smith, 56 F.3d 918, 927 (8th Cir.) (citing Arizona v. Fulminante, 499 U.S. 279, 307-10 (1991)), cert. denied, 516 U.S. 959 (1995). This sort of error renders the trial fundamentally unfair and requires automatic reversal of the criminal

conviction obtained therefrom.  See Rose, 478 U.S. at 577; Van Arsdall, 475 U.S. at 681.

On the other hand, an error that is subject to harmless error review–so called "trial error"–generally occurs in the presentation of the case to the factfinder and, therefore, may be assessed to determine whether it contributed to the verdict.  See Fulminante, 499 U.S. at 309-10; Rose, 478 U.S. at 578.  A case in which a jury instruction omits or "misdescribes" an intent element essential under state law may present that kind of error and, as the Supreme Court has determined, is a case for application of the harmless error analysis.  See California v. Roy, 519 U.S. 2, 5 (1996) (per curiam) (remanding for harmless error analysis).  In accord with the applicable Supreme Court precedent, this Court has subjected errors of omission of an essential element to harmless error review.  See McMillan, 820 F.2d at 256-57; Redding v. Benson, 739 F.2d 1360, 1363-64 (8th Cir. 1984), cert. denied, 469 U.S. 1222 (1985).

Beets relies on Sullivan v. Louisiana, 508 U.S. 275, 281 (1993), in which the Supreme Court determined that an instruction misdescribing the burden of proof amounted to structural error, for the proposition that the error in the present case is not susceptible to harmless error analysis.  In Sullivan, however, the erroneous instruction effectively lowered the government's burden of proof on all the elements of the offense, thereby vitiating the jury's findings as to every element and leaving the reviewing court no basis for a meaningful harmless error analysis.  See id. at 281-82; see also Raether, 82 F.3d at 194 (explaining Sullivan).  That of course is not the case here, and Beets's reliance on Sullivan is misguided.

We hold that the instruction in the present case did not so taint the trial mechanism as to render the omission of the essential element incapable of review for harmlessness.  Having already determined that any error in this case was in fact harmless on account of the trial court's findings regarding the omitted element, we

affirm the District Court's conclusion that Beets was not convicted without a finding of the essential elements of the crime of assault with intent to commit sexual abuse.

Because Beets was not convicted without a finding of all the necessary elements of the crime with which he was charged, his second claim of error–that he was convicted of a crime other than the one with which he was charged–must fail.

The judgment of the District Court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent from the judgment of the court, because the findings of the trial judge who tried the criminal matter that underlies this case entirely failed to make the necessary finding that Mr. Beets intended to commit a sex act against Ms. Frazier's will.

It is true that the trial court found that Mr. Beets had grabbed and fondled Ms. Frazier against her will, but grabbing and fondling is not a "sex act" under Iowa Code Ann. § 702.17.  See also Iowa Code Ann. § 709.1.  In fact, the sex act that the trial court found that Mr. Beets intended to commit was penis-to-vagina or penis-to-hand contact.  Since there is no finding that Mr. Beets intended to effect either of these acts against Ms. Frazier's will, the record is fatally defective and cannot support a conviction for violating Iowa Code Ann. § 709.11.  The record, no doubt, would have supported such a finding:  But that finding was not expressly made, nor can such a finding reasonably be inferred from the finding that was made.

I cannot subscribe to the court's assertion that any sex act that Mr. Beets intended to commit "clearly must also have been against Frazier's will."  Mr. Beets may have hoped that Ms. Frazier would consent to sex acts.  Indeed, it seems to be

conceded that he relented when she resisted and committed no sex act, as the statute defines that term, against her.

I would therefore reverse the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.