**Gradie G. WOFFORD, Petitioner–Appellant,**

v.

**Dennis M. STRAUB, Warden, Respondent–Appellee.**

No. 01–1068.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

518

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Gradie G. Wofford appeals from a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1986, a Michigan court convicted Wofford of first degree felony murder following a bench trial, and the court sentenced him to life imprisonment. In his § 2254 petition, Wofford alleged that: 1) his counsel rendered ineffective assistance by failing to raise a claim in state court; 2) the trial court improperly determined that he had procedurally defaulted claims raised in a state post-conviction petition; 3) the trial court should not have retroactively applied a state procedural rule; and 4) the trial court did not articulate findings of fact on the record for each element of his crime in violation of his due process rights. The magistrate judge recommended granting the petition as to Wofford's fourth issue. However, the district court rejected the magistrate judge's recommendation, concluded that Wofford's fourth claim was without merit, and dismissed the petition. The district court did grant Wofford a certificate of appealability for his fourth claim, and this court granted him a certificate of appealability for his remaining claims.

█ Wofford first argues that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) should not be applied to his § 2254 petition. Prior to his present § 2254 petition, Wofford filed three other § 2254 petitions, all of which were dismissed because they contained claims that Wofford had not exhausted in state court. While these prior petitions were filed before the effective date of AEDPA, his current petition was filed after AEDPA's effective date. Consequently, AEDPA's provisions are properly applied to this case, despite Wofford's argument that pre-AEDPA law should apply because his prior § 2254 petitions predated the Act. *Cf. In re Byrd,* —— F.3d ——, ——, 2001 WL 1041825, at *3 n.3 (6th Cir. Sept. 11, 2001) (although habeas petitioner's initial federal habeas petition predated the effective date of AEDPA, an attempt at filing a second habeas petition is clearly governed by AEDPA); *Slack v. McDaniel,* 529 U.S. 473, 481–82, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (an appeal from the dismissal of a habeas corpus petition after the effective date of AEDPA is governed by AEDPA, regardless of whether the habeas petition was filed in the district court before or after AEDPA's effective date).

█ Upon review, we conclude that the district court properly dismissed Wofford's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable applica-

tion" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.*

 Wofford argues that the trial court's failure to articulate findings of fact on the record for each element of his crime violated his due process rights; however, this argument is without merit. Under state law, malice is a required element of Wofford's conviction for first degree felony murder. *People v. Watkins,* 247 Mich. App. 14, 634 N.W.2d 370 (2001). At the conclusion of Wofford's bench trial, it is undisputed that the trial court did not make a specific finding concerning Wofford's malice in committing the crime. While the Due Process Clause requires that a defendant must be convicted of every element necessary to constitute the crime beyond a reasonable doubt, *see In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), Wofford has not cited to any Supreme Court decision establishing that a trial court, sitting as the finder of fact, must make specific findings for each element of his crime to satisfy constitutional concerns. Further, to the extent that the trial court's failure to address the malice element may violate the Due Process Clause, this failure is subject to a harmless error analysis. *Cf. Keating v. Hood,* 191 F.3d 1053, 1062 (9th Cir.1999) (trial court's failure to instruct jury on essential element of crime is subject to harmless error analysis); *Beets v. Iowa Dep't of Corr. Servs.,* 164 F.3d 1131, 1134 (8th Cir.1999) (same).

 Any failure by the trial court to set forth specific findings for the malice element was harmless error. The Michigan Court of Appeals determined that sufficient evidence existed to conclude that Wofford had acted with malice in committing the arson that resulted in the death of the building's tenant. Wofford has not shown that the state court's decision is an unreasonable application of federal law; indeed, he does not even challenge the court's conclusion. Consequently, he was not harmed by the trial court's failure to address specifically the malice element.

 Wofford next argues that his appellate counsel rendered ineffective assistance by failing to argue in state court that the trial court's insufficient findings of fact violated his federal constitutional rights. In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's conviction. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMeans v. Brigano,* 228 F.3d 674, 682 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). Wofford has not shown that he suffered any prejudice as a result of counsel's allegedly deficient performance or that the performance undermined the reliability of his conviction. As discussed above, sufficient evidence existed to conclude that Wofford had acted with malice and, therefore, his ineffective assistance claim is without merit.

Lastly, Wofford argues that the state courts improperly applied a state procedural bar retroactively to preclude consideration of his claim about the trial court's decision. Since his underlying claim is without merit, it is unnecessary to address whether the state courts properly applied this procedural rule.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.