WATERMAN, Justice
(concurring specially).
I join in the well-reasoned majority decision in all respects. I write separately to respond to the special concurrence that gratuitously denigrates the long-standing reliance by the bench and bar on the uniform jury instructions promulgated by the Iowa State Bar Association (ISBA). I disagree with my colleague’s assertion that we should “overrule any caselaw that gives these instructions a presumption of correctness.” This would include dozens of published decisions of our court and dozens of decisions of our court of appeals. Stare decisis demands greater respect for our precedent.
As our court reiterates today, “we are slow to disapprove of the uniform jury instructions.” See also State v. Beets, 528 N.W.2d 521, 523 (Iowa 1995); State v. Weaver, 405 N.W.2d 852, 855 (Iowa 1987). Indeed, just two years ago, our court, without dissent on this point, stated, “ ‘trial courts should generally adhere to the uniform instructions.’” State v. Becker, 818 N.W.2d 135, 143 (Iowa 2012) (quoting State v. Mitchell, 568 N.W.2d 493, 501 (Iowa 1997)); see also State v. Hatter, 414 N.W.2d 333, 336 (Iowa 1987) (same). Why the change of heart today?
“While we normally approve the submission of uniform instructions,” we are free to find a “particular instruction is faulty.” State v. McMullin, 421 N.W.2d 517, 518 (Iowa 1988). Everyone knows this. What some readers may fail to fully appreciate, however, is the tremendous service the members of the ISBA Jury Instruction Committee do for our justice system. Without the uniform instructions, trial judges and lawyers statewide would be burdened reinventing the wheel researching and drafting ad hoc jury instructions every trial. The variances in the wording of instructions would increase exponentially, further burdening appellate review. It is far better to have a committee of dedicated trial judges and lawyers craft uniform instructions to spare their colleagues that time and trouble. If an appellate court concludes a particular jury instruction is erroneous, or if our court changes the law in a manner requiring a revision, then corrections to the uniform instruction can be readily made and implemented statewide. The value of our current process is well understood by the bench and bar. It should go without saying.