# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1876

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jose Morales, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2000

Filed:  February 1, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
    Circuit Judges.

_____

WOLLMAN, Chief Judge.

Jose Morales pled guilty in district court[1] to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.  Morales conditioned his plea on the opportunity to appeal the court's denial of his motion to suppress two pounds of methamphetamine seized from his vehicle.  Because we agree

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

with the district court that the search of Morales's vehicle was supported by probable cause, we affirm.

We review the denial of a motion to suppress for clear error. United States v. Delaney, 52 F.3d 182, 186 (8th Cir. 1995). We will affirm the district court's decision unless it is unsupported by substantial evidence or is based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm conviction that a mistake has been made. Id.

Morales first argues that officers lacked probable cause to stop and search his vehicle because they relied on inherently unreliable information supplied by a confidential informant. The informant indicated that two individuals, eventually identified as Morales and his associate Luiz Zarco-Perez, were involved in the methamphetamine trade. "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." Id.

The informant in this case had no record of cooperation with law enforcement. The district court determined, however, that the informant's story was sufficiently corroborated by independent evidence and was therefore reliable. We agree. After the informant agreed to cooperate with authorities, law enforcement agents tape-recorded phone conversations between the informant and Zarco-Perez. Agents learned that Zarco-Perez had agreed to provide the informant with two pounds of methamphetamine, and they later observed a meeting involving the informant, Zarco-Perez, and Morales. After the meeting, agents tape-recorded yet another telephone conversation confirming the transaction. Police thereafter stopped Morales's vehicle

and discovered two pounds of methamphetamine.[2]  In our view, the repeated phone calls, the meeting between the suspects, and the totality of the circumstances corroborate the informant's story and together constitute probable cause.  Cf. id. (probable cause to support a search warrant should be determined by a "totality-of-the-circumstances" test).

Morales also contends that the officer who stopped his vehicle lacked probable cause because of a lack of communication between the arresting officer and those investigating the case.  An officer must possess probable cause "at the moment the arrest was made."  Beck v. Ohio, 379 U.S. 89, 91.  We have held, however, that probable cause may be "based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely on the information within the knowledge of the officer on the scene if there is some degree of communication."  United States v. Horne, 4 F.3d 579, 585 (8th Cir. 1993).

Our review of the record indicates sufficient communication between the arresting officer and the others involved in the investigation.  The arresting officer was intimately involved with the investigation leading to Morales's arrest.  Not only was he aware of the conversations between Morales, the informant, and Zarco-Perez, the arresting officer also participated in the surveillance of the meeting among the three.  Accordingly, we conclude that probable cause existed for the arrest.

The judgment is affirmed.

---

[2]Both Morales and Zarco-Perez were in the car at the time.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.