# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3475

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Will M. Wilder, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2002

Filed: April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

After receiving a tip from a confidential informant that methamphetamine was being manufactured at Will M. Wilder's home, finding chemicals used to manufacture methamphetamine in Wilder's trash, and observing vehicles registered to Wilder parked in Wilder's driveway, police obtained a search warrant for Wilder's home. During the search, police found methamphetamine and chemicals and supplies used to manufacture methamphetamine. Police arrested Wilder's wife, who was home at the time of the search. Wilder was arrested a short time later and admitted the methamphetamine and methamphetamine production materials were his. Wilder's motions to suppress the evidence and for judgment of acquittal were denied. Wilder

was convicted of conspiracy to manufacture five grams or more of methamphetamine and attempt to manufacture five grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 860 (1994, Supp. V 1999). The district court[*] sentenced Wilder to seventy-eight months imprisonment on each count, to be served concurrently. Wilder now appeals, claiming four points of error. Having carefully reviewed the record and the parties' submissions, we affirm.

We reject Wilder's contention that the seized evidence should have been suppressed. Wilder claims the affidavit used to obtain the search warrant contained false and misleading information, or insufficient facts, and thus failed to establish probable cause. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978). Specifically, Wilder complains that the informant's tip mentioned in the affidavit states that Wilder's brother, not Wilder, was manufacturing methamphetamine. Having reviewed the district court's factual findings for clear error and legal conclusions de novo, we conclude the district court correctly denied Wilder's motion. United States v. Rankin, 261 F.3d 735, 738-39 (8th Cir. 2001) (standard of review), cert. denied, 122 S. Ct. 856 (2002); United States v. Reinholz, 245 F.3d 765, 774 (8th Cir.) (criteria for reviewing search warrant affidavits in Franks challenges), cert. denied, 122 S. Ct. 218, and cert. denied, 122 S. Ct. 300 (2001). Although the police officer who drafted the affidavit relied on an informant whose credibility was not yet established, the informant's tip had been corroborated through independent investigation including searching Wilder's trash and vehicle registration records. United States v. Morales, 238 F.3d 952, 953 (8th Cir. 2001). In our view, the affidavit is neither false nor misleading. Reinholz, 245 F.3d at 774. Instead, the affidavit correctly states that methamphetamine was being produced at Wilder's home. Even if the challenged information is omitted, the affidavit is sufficient to

---

[*]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

support the district court's finding of probable cause. United States v. Box, 193 F.3d 1032, 1034-35 (8th Cir. 1999).

We also reject Wilder's contention that the district court improperly denied his motion for judgment of acquittal because there was insufficient evidence to support the convictions. Having reviewed the evidence in the light most favorable to the jury's verdict and drawn all reasonable inferences in favor of the government, we conclude the evidence rationally supports the jury's verdict. United States v. Hollingsworth, 257 F.3d 871, 878 (8th Cir. 2001), cert. denied, 122 S. Ct. 856 (2002). The methamphetamine-precursor chemicals, supplies, and methamphetamine in liquid and user-ready forms present at Wilder's home coupled with Wilder's admission that the methamphetamine laboratory belonged to him provided the jury with ample evidence of conspiracy to manufacture and attempt to manufacture methamphetamine. Id. at 878-79 (finding presence of lab equipment, extracted pseudoephedrine and meth-production waste products in defendant's residence and codefendant testimony sufficient to support conviction).

Finally, Wilder challenges two of the district court's evidentiary rulings. Shelton v. Consumer Prod. Safety Comm'n, 277 F.3d 998, 1009 (8th Cir. 2002) (evidentiary rulings reviewed for abuse of discretion). First, Wilder contends that the district court improperly admitted testimony of his wife's postarrest silence. We disagree. The challenged testimony was relevant because it explained why the lead detective arranged to have a different detective interview Wilder, after Wilder's wife opted to remain silent when the lead detective spoke with her. Even if the challenged testimony was improperly admitted, we find any mistake was harmless. United States v. Blake, 107 F.3d 651, 653 (8th Cir. 1997). The jury was presented with ample evidence of Wilder's guilt, regardless of the admission of the challenged statement. Second, Wilder complains the district court struck part of Wilder's chemistry expert's testimony, giving the appearance of partiality. The testimony in question involved the witness's expert testimony in an earlier unrelated case. After repeatedly

instructing the witness to respond to the questions asked, and not to offer voluntary responses, the district court intervened, striking the witness's testimony about the unrelated case. The court conferred with counsel, then ruled that the witness's testimony was unresponsive and unrelated to Wilder's case. Having reviewed the record, we cannot say the district court abused its discretion in excluding the witness's testimony and the record does not reveal an appearance of partiality by the district court.

We affirm Wilder's convictions. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.